**In re William Allen STEWART, Debtor(s).**

**Bankruptcy No. 383–02350.**

United States Bankruptcy Court, D. Oregon.

Jan. 15, 1985.

William D. Bailey, John Durkheimer, Sussman, Shank, Wapnick, Caplan & Stiles, Portland, Or., for Steven Gardner.

Kent V. Snyder, Portland, Or., for debtor.

Robert W. Myers, Portland, Or., Trustee.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon the motion of Steven Lyle Gardner (hereinafter referred to as "Gardner") to allow his filing of a proof of claim. The motion was filed on behalf of Gardner by William D. Bailey, Esq., and a memorandum in support of the motion was filed by John H. Durkheimer of Sussman, Shank, Wapnick, Caplan & Stiles. Kent V. Snyder of Snyder & Altman filed a memorandum in opposition to the motion. The court has reviewed the file and memoranda and, since neither party has requested oral argument, the court has determined that oral argument is not required.

The following facts are established by the file herein and by the memoranda submitted by the parties:

1. On July 13, 1983, the debtor filed a petition under chapter 13 of the Bankruptcy Code.

2. The schedules and master address list showed Gardner as an unsecured creditor of the debtor.

3. On July 29, 1983, the court sent an "Order and Notice of Meeting of Creditors, Confirmation Hearing and Automatic Stay." This order stated, in pertinent part, the following:

In order to share in any distribution from the estate, a creditor must file a claim, whether or not he is included in the debtor's list of creditors. Claims must be filed within 6 months after the above date set for the meeting of creditors, except as otherwise provided by law. A claim must be filed in the Clerk's office on an official form.

The "above date set for the meeting of creditors" referred to in this order was August 16, 1983.

4. Gardner was represented at the first meeting of creditors held on August 16, 1983.

5. On August 25, 1983, Mr. Bailey appeared on behalf of Gardner at the confirmation hearing. Mr. Bailey objected to confirmation. As a result, the court adjourned the confirmation hearing.

6. On October 12, 1983, the court confirmed the debtor's plan.

7. On November 4, 1983, Gardner filed an objection to the debtor's plan. This objection states, in full, the following:

Comes now Steven Gardner, creditor, and objects to Plan Confirmation for the reason that and upon the grounds that the hearing on Plan Con-

firmation rescheduled for October 7, 1983, was not attended by the creditor because the creditor's attorney received a letter from Sarah Louie, Bankruptcy Court Clerk, attached as Exhibit "A", asking whether or not we had any objection to a further adjournment from the October 7, 1983 date. Debtor's attorney called Sarah Louie and advised her that there was no objection to an additional adjournment and was advised by Sarah Louie that the October 7, 1983 confirmation hearing would be taken off and that new hearing notices would be sent out. In reliance upon this, the creditor was not represented at the October 7, 1983 hearing.

The creditor further objects to the confirmation hearing because the debtor's budget indicates an approximate additional $1,100.00 with which to fund the plan which would result in a substantially increased percentage of this creditor's debt being paid during the course of the plan and, therefore, the plan has not been submitted in good faith nor is the plan in the best interest of the creditors.

DATED this 2nd day of November, 1983.

/s/ William D. Bailey, OSB #76050, Attorney for Creditor Steven Gardner This objection was treated as a motion for reconsideration of the court's order confirming the plan.

8. On December 9, 1983, a hearing on the motion for reconsideration was held by telephone. Mr. Bailey renewed Gardner's objections and the court scheduled another hearing.

9. Also, on December 9, 1983, a photocopy of the November 4, 1983 objection to confirmation was filed with the court. Other than the dates, the only difference between this objection and the one filed on November 4, 1983 is that the December 9, 1983 objection was entitled "Objection to Confirmation" while the earlier objection was untitled.

10. On January 27, 1984, a representative of Gardner conducted a Rule 2004 examination of the debtor.

11. On July 6, 1984, an adjourned hearing was held on the motion for reconsideration of the order confirming the plan. As a result of this hearing, the court scheduled an adjourned § 341(a) meeting.

12. An adjourned § 341(a) meeting was conducted on August 28, 1984. Mr. Bailey appeared on behalf of Gardner.

13. On September 19, 1984, the court held a further adjourned hearing on Gardner's motion to reconsider the order confirming the plan. At this hearing, the debtor argued that Gardner had no standing to object to confirmation because he had not timely filed a proof of claim. Gardner conceded that no formal proof of claim had been filed. As a result of this argument, the court requested that the parties brief the issue of Gardner's standing.

14. Gardner has not filed a formal proof of claim.

11 U.S.C. § 1324 provides that a "party in interest may object to the confirmation of the plan." The Bankruptcy Code does not define "party in interest". Collier indicates that:

[A]ny holder of an *allowed* unsecured claim may object to confirmation of the plan on the grounds that it fails to comply with one or more of the requirements of section 1325. (Emphasis added.) *Collier on Bankruptcy*, Vol. 5, p. 1324–3 (15th Ed.)

Therefore, in order to be a "party in interest", Gardner must be the holder of an allowed unsecured claim.

The debtor argues that since no formal proof of claim was timely filed, Gardner's claim must be disallowed. As a result, the debtor argues, Gardner is not a "party in interest" and his objection must be overruled for lack of standing.

Gardner concedes that no formal proof of claim was timely filed but argues that his extensive participation in the case, combined with the filing of an objection to

confirmation, constitute an informal proof of claim which may now be amended.

In support of this argument, Gardner cites *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir.1957). In *Fyne*, the court held that the fact that a creditor (who did not timely file a formal proof of claim) wrote to the trustee regarding his claim and "the fact that the proceeding itself shows upon its face that it was based upon proceedings taken by claimant for the collection of the claim ..." made it "unjust to deny to claimant the right to file a formal claim and participate in the distribution of the assets." *Id.*, at 108.

Because the Ninth Circuit cited *Fyne* in *Perry v. Certificate Holders of Thrift Savings*, 320 F.2d 584 (9th Cir.1963), Gardner argues that the Ninth Circuit embraces this holding. In fact, however, the Ninth Circuit quoted *Fyne* for the following proposition:

> [M]ere knowledge on the part of the trustee or the referee in bankruptcy as to the existence of a claim is not sufficient basis for allowing the filing of an amended claim nor is the listing of the claim in the bankrupt's schedules sufficient. *Id.*, at 589.

The Ninth Circuit emphasized the letter from the claimant to the trustee in the *Fyne* case when it stated:

> [C]ourts will be liberal in permitting amendments to claims .... We can find no case, however, that disagrees with Judge Parker's dictum [in the *Fyne* case], quoted above. We think that, *to begin with*, there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim. [Citations omitted.] The *Fyne* case goes as far as any—and as far as we think proper. (Emphasis added.) *Id.*, at 590.

In *Perry*, the claimants in question had participated, at length, in the bankruptcy proceedings. The court noted this fact and stated, however, the following:

Thus not all of the facts relied upon by appellees would justify allowance of an amended claim by the referee.

\* \* \* \* \* \*

> We add a word of caution. The right of any (claimant) to file an amended claim must depend on the facts of his particular case. *He must have taken the minimum action heretofore stated.* (Emphasis added) *Id.*, at 590.

In other words, the court in *Perry* was not relying on the participation by the claimants in reaching its holding. Rather, *Perry* held that an informal proof of claim must, *at a minimum*, be some written instrument presented to the trustee or referee within the time limit, which instrument brings to the attention of the court the nature and amount of the claim. This minimum requirement has been reiterated and somewhat expanded by the Ninth Circuit in *Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir.1970) and in *In Re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir.1979).

Therefore, although Gardner's participation in this case has been extensive, the court may not rely on that fact in determining the sufficiency of any writings which were presented to the court within the time limit. Any such writings must stand or fall on their own merit.

In the instant case, there were only two writings filed with the court before the February 16, 1984, bar-date. These writings must be examined to determine if they meet the minimum requirements established in *Perry*. If not, no further analysis of their contents is necessary.

The first writing was the November 4, 1983 document which objected to confirmation of the plan. The full text of this objection was set out above. The language of this document indicates neither the amount nor the nature of the claim. As such, it is insufficient under the *Perry* holding discussed above.

The second writing was the "Objection to Confirmation" filed on December 9, 1983. As previously stated, this document was a

nearly-exact photocopy of the November 4, 1983 document. Accordingly, it also fails the *Perry* test.

This court recognizes that:

·The court will be liberal in permitting amendments to claims where an attempt has been made, within the time limit, to comply with the requirement that a proof of claim be filed; and ... that the courts, in cases in which no injustice will be done, will be liberal in determining that such an attempt has been made. *Perry v. Certificate Holders of Thrift Savings,* 320 F.2d 584, 590 (9th Cir.1963).

What appears just to Gardner, however, may seem unjust to the debtor's other unsecured creditors who filed claims in time. As the court in *Perry* stated:

The statutory scheme gives a priority to those creditors whose claims are duly proved and allowed. If this were not so, there would be no reason for the provision in the statute permitting the payment, in those cases where there is enough money to pay all proved and allowed claims in full, of claims not duly proved within the time limited (sic). The effect of the scheme is to give to those creditors who do file and do have their claims allowed, rights against creditors who do not do so. These rights, and the period of time that has elapsed since October 6, 1980 should be considered in deciding what action to take in connection with the allowance of amended claims.

These matters we leave to the district court and the referee, who, for this purpose, function as a court of equity, and must bear in mind the rights of those who did file in proper form and within time. *Id.,* at 591.

In summary, Gardner's motion to allow a late-filed claim must be denied. Accordingly, Gardner is not a "party in interest" and has no standing to object to confirmation of the debtor's plan. Therefore, Gardner's objection will be overruled.

The court is aware that this holding may conflict with the holding in *In Re Rite Autotronics Corp.,* 27 B.R. 599 (9th Cir.

BAP Cal.1982). In spite of the holding in *Rite Autotronics,* this court is bound by the holdings of the Ninth Circuit in *Perry, Sun Basin* and *Franciscan Vineyards, supra.* This court believes that, to the extent it is inconsistent with *Perry,* et al, the holding in *Rite Autotronics* is an aberration which does not comport with the rule on this issue in this circuit.

An order consistent herewith will be entered. This opinion shall constitute the court's findings and conclusions in accordance with Bankruptcy Rule 7052.