**In re FIRST MATE MARINE SUPPLIES, INC., Debtor(s).**

**Bankruptcy No. 85–00077–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 27, 1985.

Joan A. Feeney, pro se.

Steven H. Friedman, Miami, Fla., for trustee.

Jeanette E. Tavormina, trustee.

## ORDER DENYING MOTION TO ALLOW LATE FILED CLAIM

THOMAS C. BRITTON, Bankruptcy Judge.

Joan Feeney, a creditor, filed a proof of claim on October 9, 1985 in this chapter 7 case. The motion to permit the late filing of this claim was heard on December 23.

The case was filed on January 15, 1985 by Joan Feeney as president of the debtor corporation. On February 11, this court entered an order in accordance with the Rules and the Code setting June 2, 1985 as the deadline for the filing of claims. (C.P. No. 5). The order is clear and unambiguous. The movant was properly scheduled and listed as a creditor and received a copy of the order specifying the claims' bar date.

Movant asserts that a timely claim was filed by her but never entered by the clerk of the court. I find nothing in this record nor has movant submitted any proof of this alleged filing. I find that no claim was ever filed by movant with the clerk's office before the bar date.

As an alternative argument, movant contends that her communications with the trustee's attorney constitute the filing a claim. Counsel admits that he received correspondence from movant and had discussions with her in connection with other matters he was asserting on behalf of the estate. At no time did movant assert her claim through the trustee's attorney in a documented form. Counsel has stated that if movant had attempted to assert her claim with him, he would have referred her to the clerk's office. I find that movant never filed a claim with the trustee's attorney by informal discussions or correspondence.

In this Circuit it has been noted with approval that a creditor's telephone communications with a trustee to apprise him of its claim does not constitute an informal

filing of a claim. *Biscayne 21 Condominium Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 820 (11th Cir. 1985) (citing *In re Pigott*, 684 F.2d 239 (3d Cir.1982) ).

The Eleventh Circuit summarized the information a creditor's filing must contain in order to constitute an informal proof of claim:

> "the document must apprise the court of the existence, nature, and amount of the claim ... In addition, it must evidence an intent on the part of the claimant to hold the debtor liable for that claim."

*Id.* at 819 (citations omitted).

I have not overlooked the case cited by movant, *In re Gibralter Amusements Ltd.*, 315 F.2d 210, 213 (2d Cir.1963), where the court stated that the requirement that claims be filed in the bankruptcy court is deemed complied with by filing with the trustee. However, there is no factual predicate here that a claim was filed with the trustee's attorney, which under B.R. 5005(b) could be transmitted to the clerk. Even if this was intended, there is no legal support in this Circuit for holding that the informal communications which constitute the alleged claim meet the current standard for asserting a claim in the bankruptcy court.

In this Circuit it has been recognized and upheld in recent decisions that:

> "mere notice of a claim alone is not to be called an informal proof of claim and does not excuse the absence of a proper timely proof the law requires. An informal claim may be asserted, if it can be at all, only when it is apparent that the creditor intends to seek recovery from the estate and when the informal proof of claim is 'filed' prior to the bar date ... 'Mere knowledge of the existence of the claim by the debtor, trustee or bankruptcy court is insufficient.'"

*U.S. v. International Horizons, Inc. (In re International Horizons, Inc.)*, 751 F.2d 1213, 1217 (11th Cir.1985); *See also In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir.1985).

Therefore, this court is without authority to extend the time for filing a claim as to this movant. The motion is denied.