**In re James R. UNGAR a/k/a James R. Ungar, M.D. and Jill Ungar, Debtors.**

**Bankruptcy No. 86–01981F.**

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 27, 1987.

Mitchell W. Miller, Jack W. Miller, Philadelphia, Pa. for debtors.

Morton R. Branzburg, Mark S. Kenney, Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Philadelphia, Pa., for Maryland Bank, unsecured creditor and objector to confirmation.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

BRUCE FOX, Bankruptcy Judge:

Before me for determination is the debtors' objection to a proof of claim filed by an unsecured creditor, Maryland Bank, N.A. The basis of the debtors' objection is that the Bank's proof was filed untimely—that is, the proof was filed more than three months from the date set for the meeting of creditors, in violation of Bankr.Rule 3002(c). While admitting that its formal proof of claim was filed approximately four weeks late, the Bank argues that this filing merely amends an informal proof of claim which was filed timely. The issue then is whether an objection to confirmation constitutes an informal proof of claim and, if so, whether it can be amended prior to confirmation.

## I.

The facts are not at issue. The debtors filed a petition in bankruptcy under chapter 13 on April 22, 1986. The debtors' chapter 13 statement, filed shortly thereafter, listed the Bank as an unsecured creditor. The Bank then received notice of the date set for the meeting of creditors, August 20, 1986, as well as notice that the last day for filing proofs of claim was November 18, 1986. For reasons not explained, the Bank attended the meeting of creditors but failed to file a proof of claim utilizing Official Form No. 19 until December 11, 1986. However, on October 21, 1986, the Bank filed an objection to confirmation of the debtors' proposed chapter 13 plan. This objection alleged: that the plan was not filed in good faith as required by 11 U.S.C. § 1325(a)(3); that the plan did not meet the best interest of creditors test as required by 11 U.S.C. § 1325(a)(4); and that the plan did not distribute all of the debtors' disposable income as required by 11 U.S.C. § 1325(b)(1).

## II.

Certain aspects of this dispute may be quickly settled. Bankr.Rule 3002(c) establishes that proofs of claim must be filed, in chapter 7 and 13 cases, "within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code" with certain exceptions not relevant here. The limitations period, or bar date, for filing proofs of claim in this matter was November 18, 1986, and the Bank was duly notified of this requirement. In this circuit, untimely proofs of claim are not allowed.[1] *In re Pigott,* 684 F.2d 239 (3d Cir.1982); *In re Mellen Manufacturing Co.,* 287 F.2d 37 (3d Cir.1961), *cert. denied,* 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed.2d 1254 (1961); *In re Supernit, Inc.,* 186 F.2d 130 (3d Cir.1950); *In re Owens,* 67 B.R. 418, 423 (Bankr.E.D.Pa.1986); *In re Ryan,* 54 B.R. 105 (Bankr.E.D.Pa.1985); *In re Flem-*

*ing Construction Corp.,* 53 B.R. 406 (Bankr.E.D.Pa.1985), *aff'd,* 63 B.R. 392 (E.D.Pa.1986); *In re Telephone Communications of America, Inc.,* 49 B.R. 959 (Bankr.E.D.Pa.1985).

Even if I were to follow those cases outside of this circuit which permit the late filing of a proof of claim when the creditor can demonstrate "excusable neglect," no such showing was made here. *See In re Stern,* 70 B.R. 472 (Bankr.E.D.Pa.1987). *See also In re South Atlantic Financial Corp.,* 767 F.2d 814, 819 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).

In addition, neither the Bank's attendance at a first meeting of creditors nor the fact that the debtors scheduled the Bank's claim as undisputed constitutes the filing of a proof of claim. *In re Pigott,* 684 F.2d at 245 ("listing a claim in the schedule of creditors is not the equivalent of filing a proof of claim"); *In re Mellen Manufacturing Co.,* 287 F.2d at 38 (attendance at meeting of creditors does not constitute a proof of claim). Thus, unless the filing by a creditor of an objection to confirmation, prior to the bar date, is tantamount to filing a proof of claim, the debtors' objection must be sustained.

## III.

The Bankruptcy Act of 1898 contained the first requirement that proofs of claim be filed within a certain time period in order to be allowed. 2 *Remington on Bankruptcy* § 847 (5th ed. 1956) ("Remington"); 3 *Collier on Bankruptcy,* ¶ 57.26 (14th ed. 1977) ("Collier"). Since the passage of that statute, the limitations period has been reduced first to six months and now to three months from the date set for the § 341(a) meeting. *See In re Pigott; In re Thurston,* 52 B.R. 71 (D.Colo.1983).

---

1. The current limitations period set out in Bankr.Rule 3002(c) is directly derived from former Bankr.Rule 302(c) and § 57(n) of the former Bankruptcy Act. Thus, decisions interpreting these earlier provisions are relevant to an understanding of the current rule. *In re Stern,* 70 B.R. 472 (Bankr.E.D.Pa.1987); *In re W.T. Grant Co.,* 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985).

The purpose of establishing a bar date was to facilitate the prompt administration of the estate—a purpose designed to further the interests of creditors, debtors, and the court. *Hoos & Co. v. Dynamics Corp.*, 570 F.2d 433 (2d Cir.1978). It was obvious that inequities would arise as a result of the establishment of a limitations period, for those creditors who do not act in a timely fashion would be denied any distribution from the estate, even if their claim were not disputed by the debtor. *Id.* at 439.

In addition to the limitations period established in Bankr.Rule 3002, a format was established for providing the requisite information which constitutes a proof of claim. *See* Bankr.Rule 3001; Official Form No. 19.[2] While courts have been reluctant to extend the filing period for proofs beyond that established by Congress or by the bankruptcy rules, courts have been willing to ignore a creditor's failure to comply with the format established by the rules. The failure to utilize the official form or the omission of certain information required by the rules is not a fatal defect to the allowability of a claim. "These requirements are not *'stricti juris'* in the sense that any deviation, however slight, will of necessity be fatal." 3 Collier ¶ 57.03, at 129. Indeed, for many years courts have liberally allowed creditors to amend claims in order to correct omissions or modify information erroneously provided. *See Hutchinson v. Otis, Wilcox & Co.*, 190 U.S. 552, 23 S.Ct. 778, 47 L.Ed. 1179 (1903); *In re Anderson-Walker Industries, Inc.*, 798 F.2d 1285 (9th Cir.1986); *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985). Sometimes the rationale given for permitting claims to be amended is that bankruptcy courts are courts of equity. *In re Anderson-Walker Industries, Inc.*, 798 F.2d at 1287. Other times, the amendment of a claim has been likened to an amendment of a pleading. *See Fidelity and Deposit Co. v. Fitzgerald*, 272 F.2d 121, 129 n. 8, 130 n. 13 (10th Cir.1959), *cert. denied*, 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); 3 Collier

¶ 57.11, at 194–195; 2 Remington §§ 746–752. Not only have amendments been liberally permitted, these amendments may occur after the bar date and relate back to the initial filing which was timely. *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985); *Fidelity and Deposit Co. v. Fitzgerald.*

Once courts refused to extend the bar date for filing claims but liberally allowed defective claims to be amended, a category developed known as an "informal" proof of claim. *See In re Thompson*, 227 F. 981 (3d Cir.1915). *In re Key*, 64 B.R. 786 (Bankr. M.D.Tenn.1986). Although never intended as such, and not denominated as such by the creditor, courts have long permitted certain writings, filed before the expiration of the bar date, to serve as a proof of claim. *See Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir.1970); *In re Lipman*, 65 F.2d 366 (2d Cir.1933); *In re Guardian Mortgage Investors*, 15 B.R. 284 (M.D.Fla.1981). Among the filed writings considered as informal proofs of claim has been litigation initiated by the creditor against the debtor, such as a motion (or complaint) for relief from the automatic stay. *E.g., Matter of Pizza of Hawaii, Inc.; In re Key.* However, not every type of litigation constitutes an informal proof. *E.g., In re Butterworth*, 50 B.R. 320 (W.D.Mich.1984) (creditor's complaint objecting to discharge); *Matter of Evanston Motor Co.*, 26 B.R. 998, 1002 n. 10 (M.D.Ill.1983) (trustee's preference action against creditor), *aff'd*, 735 F.2d 1029 (7th Cir.1984).

■ I have found four cases holding that an objection to confirmation constitutes an informal proof of claim if filed before the bar date. *In re Lipman; In re Benedict*, 65 B.R. 95 (Bankr.N.D.N.Y.1986); *In re Casterline*, 51 B.R. 219 (D.Colo.1985); *In re Thornlimb*, 37 B.R. 874 (Bankr.D.R.I. 1984). I have found one case which holds to the contrary. *In re Stewart*, 46 B.R. 73 (Bankr.D.Or.1985). Unfortunately, of these four decisions supporting the Bank,

**2.** The current official form is derived from former Official Form No. 15.

only the *Lipman* opinion offers any rationale for its holding:

> The courts have shown great liberality in allowing amendments, and have held that it is not essential that a document be styled a "proof of claim," or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required.... We see no reason why the present case should not fall within the rule announced in these decisions. It may be that the specifications of objections to the composition were not intended as a proof of a claim. But it was clear from them that the objector was a creditor with a claim against the bankrupt. The document was filed with the referee after adjudication, and sufficiently indicated a purpose to share in the estate. It would be fanciful to suggest that the creditor objected for the sole purpose of preventing the discharge which accompanies confirmation of a composition, and with no intention of protecting his interest as a creditor in the bankrupt estate.

65 F.2d at 368 (citations omitted).

Whether a pleading or other writing filed in bankruptcy court should be considered an informal proof of claim depends upon one's definition of that phrase. In essence, the Bank supports a definition well articulated by Judge Black in *In re Guardian Mortgage Investors:*

> The courts have interpreted the Bankruptcy Act to require two elements in cases for a proof of claim to be valid. The proof of claim must be a writing which contains (1) a demand by the creditor on the debtor's estate and (2) an intent to hold the debtor liable as a debtor.

15 B.R. at 285. This is much the same analysis offered by Judge Augustus Hand in *Lipman.* The debtor argues that a proof of claim, whether classified as formal or informal, must contain, at a minimum, a statement of the amount of the debt claimed. (Debtors' Memorandum at 3–4).

Indeed, in refusing to consider an objection to confirmation as an informal proof of claim, the bankruptcy court in *In re Stewart* expressly noted that defect:

> The language of this document indicates neither the amount nor the nature of the claim. As such, it is insufficient....

46 B.R. at 76. The Ninth Circuit Court of Appeals seems to agree with the debtors' position and has offered this definition of an informal proof:

> For these documents to constitute an informal proof of claim, they must state an explicit demand showing the nature and amount of the claim against the estate and evidence an intent to hold the debtor liable.

*In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 815 (9th Cir.1985). *But see Matter of Pizza of Hawaii, Inc.,* 761 F.2d at 1381 (complaint did not fully quantify damages).

In the matter *sub judice,* the objection to confirmation filed by the Bank made no mention of the amount claimed; thus the debtors' argue that this filing cannot constitute an informal proof.[3]

For a variety of reasons, I believe that the failure of the creditor here to state an amount due in its pleading is not a fatal defect to treating that pleading as an informal proof of claim. First, courts have permitted creditors to amend proofs of claim subsequent to the bar date in order to increase the amount sought by the creditors from the estate. *Fidelity and Deposit Co. v. Fitzgerald,* 272 F.2d at 131. ("An amendment changing the amount of the claim does not make it a new claim and may be made after the six month period [under § 57n] has expired.") (footnote omitted); *see Menick v. Hoffman,* 205 F.2d 365 (9th Cir.1953); *Continental Motors Corp. v. Morris,* 169 F.2d 315 (10th Cir.1948); *Industrial Commissioner v. Schneider,* 162 F.2d 847 (2d Cir.1947). *See also In re Kellett Aircraft Corp.,* 173 F.2d 689 (3d Cir.1949) (creditor permitted to file an unsecured claim after the bar date because its

---

**3.** From the nature of the Bank's objection though, particularly its objection under

§ 1325(b)(1), it is apparent from that pleading that the Bank was asserting an unsecured claim.

claim for specific performance was denied). If the failure of a writing to mention the amount claimed bars it from being considered as a proof, amendments to increase the amount, made after the limitations period, would not be permitted.

Second, one of the earliest decisions to discuss the concept of an informal proof of claim comes from this circuit. *In re Thompson,* 227 F. 981 (3d Cir.1915). In deciding that a letter sent by the creditor to attorneys for the receiver was not an informal proof of claim, the Court of Appeals noted:

> Whether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate and must show the creditor's intention to hold the estate liable.

*Id.* at 983. Attempts to define informal proofs of claim have often looked to these two criteria alone without mentioning the necessity for stating the amount of the claim. *See In re Guardian Mortgage Investors;* 3 Collier ¶ 57.11[3], at 207–208 (footnote omitted):

> The Supreme Court has held that the time limitation in § 57n does not prevent amendments to proofs of claim after expiration of the period mentioned. Consequently, amendments are allowed if enough has been presented to show that a demand is made against the estate and that it is the creditor's intent to hold the estate liable. In accordance with the liberality in permitting amendments, courts have been satisfied with very little that amounted to an original proof of claim.

Thus, the definition of an informal proof of claim in this circuit does not seem to require a statement of the amount owing.[4]

Finally, a court's allowance of an objection to confirmation to serve as a proof of claim which can be amended will not, at least here, delay the administration of the debtors' estate. Until this objection is resolved, no distribution to creditors is possible because no plan can be confirmed. Bankr.Rule 3021. The Bank has sought to amend its informal proof before its objection was decided. Thus, here, there is no attempt to amend a pleading which, by its allowance, could undermine a confirmed plan or undo, in whole or in part, the distribution of funds to creditors. Were that to occur, the creditor's attempt to amend an informal proof might be disallowed.[5] *See* 3 J. Moore, *Federal Practice,* ¶ 15.05[4], at 15–69—15–75 (2d ed. 1985) (footnotes omitted):

> The most common reasons for denying leave to amend are that the amendment will result in undue prejudice to the other party, is unduly delayed, is offered in bad faith or for a dilatory purpose or that the party has had sufficient opportunity to state a claim and has failed.

*Accord, e.g., Doe v. McMillan,* 566 F.2d 713 (D.C.Cir.1977), *cert. denied,* 435 U.S. 969, 98 S.Ct. 1607, 56 L.Ed.2d 59 (1978).

## IV.

For all of the above reasons, the debtors' objection to the proof of claim filed by Maryland Bank, N.A. will be overruled and the creditor's proof of claim filed on December 11, 1986 will be treated as an amendment to a defective informal proof of claim relating back to the filing of the informal proof. An appropriate order will be entered.

---

4. I recognize that the letter in *Thompson* made reference to a claimed amount. However, the Court of Appeals does not discuss this fact at all in its analysis of an informal proof.

5. In other words, although an objection to confirmation may constitute an informal proof of claim, it is defective and must be amended. An amendment may be allowed or not depending upon its affect upon the administration of the estate. For example, in *In re Stewart,* the creditor sought, in essence, to file a formal proof of claim after the plan was confirmed. Thus, my analysis in this case is consistent with the result, though not the reasoning, of *Stewart.*