**In re Margot GURST, Debtor.**

**Bankruptcy No. 85–00480K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

June 30, 1987.

---

Irwin Trauss, Philadelphia, Pa., for debtor.

Martin N. Ghen, Doylestown, Pa., for Philadelphia Consumer Discount Co.

Edward Sparkman, Philadelphia, Pa., Chapter 13 Standing Trustee.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

Before us is another of the multifarious disputes which the parties persist in not only raising but pursuing to the farthest extent possible in this case, *see In re [Margot] Gurst,* 70 B.R. 467 (Bankr.E.D.Pa. 1987), *appeal docketed,* 87–2065 (E.D.Pa.), and in the separate case of the Debtor's husband Sheldon. *See In re [Sheldon] Gurst,* 75 B.R. 575 (Bankr.E.D.Pa.1987);

and *[Margot] Gurst, supra,* 70 B.R. at 467 n. 2. However, although we believe that the Creditor's Objections to Confirmation of the Debtor's Plan can be disposed of rather easily, the Creditor's Objections raise questions in our mind about certain possible unnecessary and bothersome provisions of the Debtor's Plan the propriety of which we believe must be resolved before we can confirm same. We are therefore providing an opportunity to our new Chapter 13 Trustee, as well as the Debtor, to address these questions before we will confirm the proposed Plan.

On April 25, 1985, less than two months after the Debtor's filing of this case on February 8, 1985, Philadelphia Consumer Discount Company (hereinafter referred to as "the Creditor") filed Objections to the Confirmation of the Debtor's Chapter 13 Plan, which was filed by her on March 15, 1985. Seven Objections were recited, six of which contended that the Plan failed to comply with various specific Code provisions, notably 11 U.S.C. §§ 1322(b)(2), 1322(b)(5), and 1325(a)(5), in the treatment of the Creditor's claim and the last of which claimed that "[t]he Debtor's Plan was proposed in bad faith, violating 11 U.S.C. § 727."

If it were not for several aspects of the Debtor's Plan which we ourselves find potentially objectionable, we could readily dismiss these Objections almost without comment. The Creditor has clearly indicated its lack of interest in asserting a claim in the Debtor's bankruptcy. As we indicated in our previous Opinion in this case, 70 B.R. at 469, the Creditor withdrew its initially-filed claim on October 16, 1986. Then, after the Debtor filed a Proof of Claim on behalf of the Creditor on November 18, 1986, rather than file a Proof of Claim on its own behalf, as it would have been entitled to do per Bankruptcy Rule 3004, the Creditor filed an Objection to Proof of Claim filed by the Debtor on its behalf.

In our Opinion of February 25, 1987, we sustained the Creditor's Objection. As we also noted in that Opinion, we gave the Creditor an opportunity to argue its Objections to Confirmation, which both the

Trustee and we had overlooked at the Confirmation Hearing conducted on January 21, 1987, and at which the Trustee, probably without being aware of the Creditor's Objections, recommended Confirmation.

■ The Creditor's Objections pertaining to the manner in which its claim (which it was asserting as of April 25, 1985, but which it later withdrew) was treated by the Plan, pursuant to 11 U.S.C. §§ 1322(b)(2), 1322(b)(5), and 1325(a)(5), are obviously rendered moot by the Lender's withdrawal of its claim and its refusal to re-file the Claim despite a clear opportunity to do so. Furthermore, we doubt that these Objections had any merit in any event. *See In re Crompton,* 73 B.R. 800, 805–806 (Bankr.E. D.Pa., 1987).

■ The only Objection not rendered moot was the Creditor's claim of the Debtor's lack of good faith in submitting his Plan. Contrary to the Creditor's assertion, 11 U.S.C. § 727 has no pertinence to this case, as Chapter 7 of the Code, in which § 727 is contained, applies only to Chapter 7 cases. There is, however, a "good faith" requirement pertinent to Chapter 13 cases, set forth in 11 U.S.C. § 1325(a)(3).

■ The Debtor, and we believe accurately, cites to Bankruptcy Rule 3006 and *In re Stewart,* 46 B.R. 73, 77 (Bankr.D.Ore. 1985), for the principle that the withdrawal of its claim by the Creditor eliminates the Creditor's right to raise any objections to Confirmation of the Debtor's Plan.

Furthermore, we are distinctively disinclined to use the vague rubric of "good faith" to allow even a party in interest to attack any aspect of a debtor's case which it finds displeasing to it. As we held in *In re Gathright,* 67 B.R. 384, 387–88 (Bankr. E.D.Pa.1986), *appeal dismissed,* 71 B.R. 343 (E.D.Pa.1987):

> With Collier, we believe that "[t]he phrase 'good faith' as it appears in section 1325(a)(3) is entitled to its historical meaning" in the predecessor Bankruptcy Act, i.e., as relating solely to "debtor misconduct [in the bankruptcy proceeding], such as fraudulent misrepresentations or serious nondisclosures of materi-

al facts." 5 COLLIER ON BANKRUPTCY, § 1325.04, AT 1325–12, 1325–10 (15th ed. 1986). We conclude that nothing more should be read into the meaning of this Code provision.

We do not believe that any of the Creditor's allegations raise issues concerning fraudulent misrepresentations or nondisclosure of material facts, and hence they have no merit in any event.

■ However, irrespective of the right of the Creditor to object to the Plan, the Court has an independent duty to determine whether the Plan is confirmable. *Cf. In re Athos Steel & Aluminum, Inc.,* 69 B.R. 515, 520 (Bankr.E.D.Pa.1987) (Court considers merits of objections to compensation of debtor's officer even though objecting party lacks standing to raise them). A Plan cannot be confirmed if it fails to comply with "the provisions of this chapter [13] and with the other applicable provisions of this title [11]; ..." 11 U.S.C. § 1325(a)(1). What concerns us is the inclusion of many provisions in the Plan which may well be "inconsistent with this title [11]," § 1322(b)(10), i.e., with the Code. As in *Crompton,* at 804–05, we must express distaste towards Plan provisions which appear to be unnecessary and/or attempt to establish rights of the debtor which do not exist under either bankruptcy law or nonbankruptcy law.

■ In this regard, we take particular note of the following provisions of the Debtor's Plan, each of which raises certain questions in our mind as to their respective propriety and/or compliance with the Code:

Paragraph 7. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension....

It is required that a debtor file an application with the court and obtain a specific court order if the debtor wishes to extend the payment period beyond three years, per 11 U.S.C. § 1322(c). The application process should not be obviated by a paragraph in a Plan.

Paragraph 9. The title to the property of the estate shall revest in the debtor upon the confirmation of this plan free of all claims and interests of creditors provided for in this plan.

As the Creditor points out, this paragraph could be read as affecting security interests of creditors in one sense "provided for" in the Debtor's Plan, but to which payments if any are to be made "outside" of the Plan, such as apparently is the contemplated treatment of the particular objecting Creditor. This paragraph hence appears contrary to the principle that secured claims either not provided for under the Plan or paid "outside" the Plan pass through the bankruptcy case unaffected. *See Estate of Lellock v. Prudential Ins. Co.,* 811 F.2d 186, 188 (3d Cir.1987); and *In re Tarnow,* 749 F.2d 464, 465–67 (7th Cir. 1984). *Cf. In re Evans,* 66 B.R. 506, 509–10 (Bankr.E.D.Pa.1986) (Debtor may treat a secured claim outside of a Chapter 13 Plan if he makes no effort to modify the claim in his Plan). *Accord, In re Foster,* 670 F.2d 478, 488–90 (5th Cir.1982). The Debtor appears to recognize this principle when he treats the Claim of the City of Philadelphia in Paragraph 23 of the Plan. The failure to note that any other Claims dealt with outside the Plan are treated the same as the City's Claim is ominous and suggests that other treatment might be sanctioned by the court. It cannot be.

Paragraph 11. A moratorium relieving the debtor of one or more plan payments may be permitted consistent with this plan upon good cause shown due to a financial emergency. The moratorium may be granted *ex parte* so long as the moratorium does not significantly reduce the total amount that will be paid out under the plan.

It is necessary that a Debtor seeking any moratorium or abatement from a Plan payment do so by Motion pursuant to Local Bankruptcy Rule 1017.2(h). The Debtor cannot avoid this requirement by a Plan provision.

Paragraph 13. At the completion of this plan, all debts listed in debtor's Chapter 13 statement, except those excepted by

11 U.S.C. § 1328(a)(1) or (a)(2), shall be discharged.

Although the Creditor does not note this provision, it could be read as discharging debts which are not listed or which are being paid "outside" the Plan, per *Evans, supra.* This language is objectionable for the same reasons as the language in Paragraph 9.

Paragraph 16. Confirmation of this Plan shall constitute a finding that the instant plan was proposed by the debtor in good faith within the meaning of § 727(9)(B)(ii).

This Paragraph is redundant with the second sentence of Paragraph 6. We also believe that the correct reference is to 11 U.S.C. § 1325(a)(3). Finally, there is no need for such a provision, because any Confirmation Order necessarily incorporates a finding that the Plan is proposed in good faith.

Paragraph 17. Creditors and claimants that are listed in the debtor's petition that failed to file proofs of claim or interest pursuant to 11 U.S.C. § 501(a), shall be deemed to have had their claims disallowed under 11 U.S.C. § 502.

Again, like the provisions of Paragraph 9 and 13, this paragraph could be read as affecting the rights of creditors who are unlisted, secured, or who will be dealt with "outside" of the Plan, and is objectionable for the reasons stated in reference to those paragraphs.

Paragraph 18. If the debtor defaults, after the filing of her petition, or any payment to a utility entitled to adequate assurance under 11 U.S.C. § 366(b), then the debt shall, upon applicaiton of said utility become a class 1 [administrative] claim under this plan. This priority shall be deemed adequate assurance of the utilities right to future payment.

The second sentence of this Paragraph purports to set forth what shall be considered as adequate assurance of payment to a utility, which may be accomplished, per 11 U.S.C. § 366(b), only by an agreement to furnish adequate assurance demanded by the utility, or by a Motion by the Debtor if no agreement is reached. *See In re Penn Jersey Corp.,* 72 B.R. 981, 984–87 (E.D. Pa., 1987). A Plan provision may not be a substitute for resolution in accordance with § 366.

Paragraph 19. Confirmation of this plan shall constitute an order binding every creditor of the debtor and enjoining each such creditor from taking any action inconsistent with this plan and from proceeding with any claim against the debtor in any forum other than the bankruptcy court so long as this bankruptcy continues.

Per the Creditor's Objection, this Paragraph appears to provide for a reinstatement of the automatic stay for even such creditors as may have obtained relief from the stay, like the Creditor here. Also, it seems to suggest that relief from the stay cannot be accomplished by a creditor post-confirmation, even for "cause" which arises post-confirmation. *Contra: In re Ellis,* 60 B.R. 432, 434–34 (9th Cir.BAP 1985); and *In re Clark,* 38 B.R. 683, 684–85 (Bankr.E.D.Pa.1984). If this Paragraph is merely a restatement of the Debtor's actual rights vis-a-vis her Creditors, per 11 U.S.C. § 1327(a) and 11 U.S.C. § 362(a), then is superfluous. If it means to create anything more, then it is potentially insidious and unenforceable. Thus, this Paragraph appears to lack any justification.

Paragraph 20. Confirmation of this plan shall constitute a finding that the debtor's continued possession of 11732 Millbrook Road, Philadelphia, PA, is essential for the success of the plan and that without it the plan would fail and no claim would be paid in full.

This Paragraph appears to be an attempt to have the Court make a premature finding of an element which might be pertinent to a Motion for relief from the automatic stay under 11 U.S.C. § 362(d)(2)(B). The Court cannot and will not do so.

Paragraph 22. The following creditors, if they hold any liens on the debtor's property, hold liens on the debtor's interest in her home which are subject to avoidance. These liens shall be avoided and the creditors shall not be treated as holders of allowed secured claims:

1. Philadelphia Consumer Discount Company;

2. Household Finance Consumer Discount Company;

3. Norwest Financial Consumer Discount Company;

4. Credit Thrift Consumer Discoun Company;

5. Beneficial Consumer Discount Company.

This Paragraph, on its face, purports to effect lien avoidances, per 11 U.S.C. § 522(f), and/or declarations of secured status, per 11 U.S.C. § 506(a), which can of course be accomplished only by motion or adversarial complaint, respectively. If this Paragraph is meant to express a mere "intention" to avoid these liens, it is superfluous, because a statement of such intentions is separately required by 11 U.S.C. § 521(2)(A). And, like Paragraph 19, if it means anything else, then it appears to be insidious and objectionable.

We also could find fault with other provisions of the Plan. For instance, we question how, by the statement of Plan provisions, we could establish the Claim and determine the rights of the Debtor vis-a-vis General Motors Acceptance Corporation (hereinafter referred to as "GMAC"), as the Debtor purports to do in Paragraphs 5b, 14, and 15 of the Plan. However, we believe that the Debtor has made peace with GMAC, and we do not wish to quibble over questionable Plan provisions which are undoubtedly harmless.

■ We recognize that we did not express concern with these Plan provisions at the hearing on January 21, 1987, nor did the Trustee nor any creditor other than the objecting Creditor question them. Moreover, the Objecting Creditor provides almost no analysis of *why* it deems several of the Paragraphs noted above to be objectionable in its Brief. However, these matters have now been drawn to our attention, and we cannot abdicate our duty to review Plans presented to us for confirmation pursuant to 11 U.S.C. §§ 1325(a)(1) and 1322(b)(10) once they have our attention. We also feel that we should, at this juncture, encourage our new Standing Chapter 13 Trustee to critically assess the provisions of this Plan or others like it, as we fear that many of these provisions have become boilerplate in many of the Plans submitted by the Debtors' counsel.

We also recognize that the Debtor has not been given any opportunity to respond to the Court's questions to the provisions of her Plan set forth herein, because of the silence of the Trustee and of us on these points heretofore, and the rather less than clear presentation of these issues by the Creditor.

Therefore, we are rescheduling the Debtor's Confirmation Hearing for a period of approximately thirty (30) days from the date of the accompanying Order. We shall invite the Trustee and the Debtor to submit their written responses to our comments included herein prior to the hearing, in order that we can be adequately prepared to rule on the questions raised herein at that time.