**In re James Frank NASH, Cynthia Berckes Nash, Debtors.**

**Bankruptcy No. 87–0061.**

United States Bankruptcy Court,
S.D. Alabama, S.D.

May 18, 1988.

Stephen R. Windom, Mobile, Ala., for petitioners.

Lionel Williams, Mobile, Ala., for defendant.

### ORDER

GORDON B. KAHN, Chief Judge:

This matter having come on for hearing upon the Debtors' objection to the claim of American Investment Bank, N.A., being Claim No. 20 in the amount of $31,042.62; due notice of said hearing having been given; and Lionel Williams having appeared for the debtors and Stephen Windom having appeared for American Investment Bank, N.A.; and arguments and evidence having been presented; now therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

1. On January 15, 1987 James and Cynthia Nash filed for relief under Chapter 13 of the Bankruptcy Code. Their schedules, filed January 30, 1987, listed American Investment Bank, N.A. (hereinafter called AIB), Post Office Box 510083, Salt Lake City, UT 84151–9974, as an unsecured creditor in the amount of $30,233.00. There was no claim of incorrect address or lack of notice.

2. The bar date for filing claims was June 18, 1987.

3. On June 9, 1987 AIB filed a motion for examination pursuant to Rule 2004 of the Rules of Bankruptcy Procedure. The motion stated:

"COMES NOW American Investment Bank ("AIB"), a creditor and real party in interest, and pursuant to Rule 2004 of the Rules of Bankruptcy Procedure, moves this Honorable Court to order the examination of:

James Frank Nash

Cynthia Berckes Nash

1302 Innsbruck Drive

Mobile, Alabama 36608

As grounds for such motion, AIB submits that such examination bears a direct relation to the ability of the Debtors to consummate a plan for repayment of creditors.

WHEREFORE, AIB moves that this Court will enter an order directing James F. Nash and Cynthia Berckes Nash to be present at the offices of Sirote, Permutt, McDermott, Slepian, Friend, Friedman, Held & Apolinsky, P.C., One St. Louis Centre, One St. Louis Street, Mobile, Alabama 36602, on June 24, 1987 at 10:00 o'clock a.m. for the purpose of examination by AIB.

AMERICAN INVESTMENT BANK

By: /s/  Stephen R. Windom

One of its Counsel"

The motion was granted on June 11, 1987 and the examination ordered for June 24, 1987.

4. The debtors' Chapter 13 plan was confirmed on June 16, 1987.

5. AIB filed a proof of claim on September 30, 1987.

## CONCLUSIONS OF LAW

The issue before the Court is whether AIB's motion for examination constitutes an informal proof of claim.

The question of what constitutes an informal proof of claim has been examined at length in this Circuit. *In re South Atlantic Financial Corp.* 767 F.2d 814 (11th Cir.1985) *cert. den.* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re Intern. Horizons, Inc.,* 751 F.2d 1213 (11th Cir. 1985).

In *In re Intern. Horizons, Inc.* the Eleventh Circuit Court of Appeals determined that an "informal proof of claim as a minimum must furnish the information that a formal claim would give." *supra* at 1218.

In *In re South Atlantic Financial Corp.,* the Eleventh Circuit Court of Appeals again addressed informal proofs of claim. The Court determined that a notice of appearance failed to constitute an informal proof of claim. The court recognized that amendments to claims should be freely allowed in bankruptcy cases; however, the court stressed the necessity of having timely filed an informal claim in order to allow later amendment:

"Before a court will allow a party to file an amended proof of claim ... there must be something filed in the bankruptcy court capable of being amended.... The mere filing of a document in the bankruptcy court prior to the bar date will not, however, necessarily suffice as an informal proof of claim capable of amendment." (Citations omitted).

*South Atlantic,* at 819.

The Court then announced a two part test to determine whether a document filed with the court was an informal proof of claim:

"To constitute an informal proof of claim, the document must apprise the court of the existence, nature, and amount of the claim. In addition, it must evidence an intent on the part of the

claimant to hold the debtor liable for the claim." (citations omitted)

*South Atlantic, supra* at 819. *See In re Job–Site Industries, Inc.,* 78 B.R. 332 (Bkrtcy.S.D.Fla.1987); *In re First Mate Supplies, Inc.,* 57 B.R. 482 (Bkrtcy.S.D.Fla. 1985).

The Court has reviewed AIB's motion for examination in light of this test and after considerable deliberation is compelled to conclude that AIB's motion only evidences the existence of a claim and its intent to hold the debtor liable. The motion fails to address the nature and amount of the claim as required in the Eleventh Circuit. The motion for 2004 examination is not an informal claim. The debtor's objection to the claim of AIB is due to be sustained. Now, therefore, it is

## ORDER

ORDERED that the debtors' objection to the claim of American Investment Bank, N.A., being Claim No. 20 in the amount of $31,042.62, be, and it hereby is SUSTAINED and said claim be and it hereby is DISALLOWED.