**In re Jarvis S. JOINER, Debtor.**

**Bankruptcy No. B87–02403.**

United States Bankruptcy Court, N.D. Ohio.

Argued Nov. 1, 1988.
Decided Nov. 18, 1988.

William J. O'Brien, Cleveland, Ohio, for movant.

Sheldon Stein, Cleveland, Ohio, for debtor.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

This matter is before the Court on the motion of Cleveland Metro General Hospital School of Nursing (the "Hospital") to be included as a creditor in the Chapter 13 plan of Jarvis S. Joiner (the "Debtor"), and the Debtor's objections to the Hospital's motion and to the Hospital's claim. The Debtor's petition was filed on July 9, 1987. On August 21, 1987, well within the bar date, the Hospital filed an objection to confirmation of Debtor's plan (the "Objection"). The Hospital's proof of claim was not filed until May 24, 1988, more than six months after the November 12, 1987 expiration of the bar date. The Debtor asserts that the Hospital's claim was untimely and, therefore, that its motion for inclusion in the Debtor's plan must be denied.

Both parties briefed their positions thoroughly and well. In its brief, the Hospital asserts that a formal proof of claim was attached to the Objection, but that "by some inadvertence [the proof of claim] was neither date-stamped nor made a part of the Court's file." However, the Hospital does not argue that its inadvertence would justify the late filing of its claim. Rather, the Hospital contends that the Objection constituted an "informal" proof of claim properly filed prior to the bar date which could be, and was, amended by its subsequent formal proof of claim. The Debtor's memorandum in support of her position, like the Hospital's brief, also dealt exclusively with the requirements of an informal proof of claim. The facts are not in dispute.

The Hospital is the holder of an unpaid student loan which it alleged in its Objection was nondischargeable in a Chapter 7 liquidation proceeding. Based on this contention, the Hospital argued that the Debtor's Chapter 13 plan was not feasible under section 1325(a)(4) of the Bankruptcy Code because the plan proposed to pay unsecured creditors, including the Hospital, only 71 percent of their claims. The Hospital asserted that the nondischargeable nature of its claim entitled it to payment in full.

At a hearing on September 15, 1987, the Court overruled the Objection and confirmed the Debtor's plan. The order confirming the plan was entered September 18, 1987, nearly two months prior to the November 12 bar date. The Court apparently concluded that the feasibility of the plan was to be tested against the Debtor's non-exempt assets, not by whether the claim was nondischargeable in liquidation. The Court's order was not appealed.[1]

■ The parties agree that an "informal" proof of claim, if timely filed, is sufficient to avoid the bar date. Although the Debtor contends that the Objection fails to indicate the creditor's intent to hold the Debtor liable for its claim, the principal issue drawn in the briefs is whether the Objection is defective as an informal proof because it fails to state the amount of the Hospital's claim. Resolution of this dispute requires an analysis of the informal proof of claim doctrine.

Bankruptcy Rule 3002(a) requires the creditor to file a proof of claim despite the fact that, as in this case, the debtor listed

---

1. In its motion for inclusion the Hospital also urged the alleged nondischargeability of its claim as a ground for inclusion in Debtor's plan. But this argument has no apparent merit and is not pursued in the Hospital's brief.

the creditor's claim in the schedules it filed with the court. Rule 3001(a) states that "a proof of claim is a written statement setting forth a creditor's claim ... [which] shall conform substantially to Official Form No. 19." Notwithstanding this requirement, which is substantially similar to that which existed under the Act, the courts have for more than 50 years allowed writings designed for other purposes, and not intended as proofs of claim, to preserve the creditor's claim against the applicable bar date. In *In re Lipman*, 65 F.2d 366 (2nd Cir.1933), in holding that an objection to a plan of composition was adequate for this purpose, Judge Augustus Hand said:

It may be that the specifications of objections to the composition were not intended as a proof of claim. But it was clear from them that the objector was a creditor with a claim against the bankrupt. The document was filed with the referee after adjudication, and sufficiently indicated a purpose to share in the estate. It would be fanciful to suggest that the creditor objected for the sole purpose of preventing the discharge which accompanies confirmation of a composition, and with no intention of protecting his interest as a creditor in the bankrupt estate.

65 F.2d at 368.

The courts have invoked several formulas to explain and justify informal proofs of claim. One of the simplest is that "... the document or documents timely filed must fairly reflect the existence of a claim against the estate. It is not necessary, however, that the documents constitute a proof of claim." *Sun Basin Lumber Co. v. United States*, 432 F.2d 48, 49 (9th Cir. 1970). Some courts have restated essentially the same test to require "... a writing which contains (1) a demand by the creditor on the debtor's estate and (2) an intent to hold the debtor liable for the debt." *Guardian Mortgage Investors v. Sunset Villas Phase III Condominium Ass'n, Inc. (In re Guardian Mortgage Investors)*, 15 B.R. 284, 285 (M.D.Fla.1981). Other courts have described a five-prong test: (1) the informal proof must be in writing, (2) the writing must contain a demand on the debtor's estate, (3) the writing must express the intent to hold the debtor liable, (4) the writing must be filed with the bankruptcy court, and (5) based on the facts of the case, it must be equitable to allow the informal proof to be amended by a formal proof of claim. *In re McCoy Management Services, Inc.*, 44 B.R. 215, 217 (Bankr.W.D.Ky.1984).

Finally, as the Debtor points out, a number of cases have stated that the informal claim must set forth the nature and amount of the claim. *E.g., Perry v. Certificate Holders of Thrift Sav.*, 320 F.2d 584 (9th Cir.1963); *County of Napa v. Franciscan Vineyards, Inc. (In re Franciscan Vineyards, Inc.)*, 597 F.2d 181 (9th Cir. 1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980); and *Biscayne 21 Condominium Ass'n, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). At least two cases have expressly relied on the absence of this component from the putative informal proof of claim to preclude its allowance. *In re Nash*, 87 B.R. 175 (Bankr.S.D.Ala.1988) and *In re Stewart*, 46 B.R. 73 (Bankr.D.Or.1985).[2]

The extent to which such rules have actually governed the outcome of the cases is

---

**2.** This requirement appears to have gained currency from the following sentence in 3 Collier on Bankruptcy, 14th ed., ¶ 57.11(3), p. 202: "It is well settled that if there is upon the record in the bankruptcy proceedings, within the six months prescribed by § 57n, anything sufficient to show the existence, nature and amount of a claim, it may be amended even after the expiration of the period." But this language only describes what would clearly be sufficient to constitute an informal proof of claim, not what is necessarily required. It is interesting to note that Collier's 15th edition no longer includes this language but expressly states that it is unclear what will qualify as an informal proof of claim citing *United States v. International Horizons, Inc. (In re International Horizons, Inc.)*, 751 F.2d 1213 (11th Cir.1985) and *In re McCoy Management Services Inc., supra.* Neither of these cases required the amount to be stated in an informal proof of claim. *See* 8 Collier on Bankruptcy, 15th ed., ¶ 3001.03, pp. 3001–11 through 3001–15.

open to question. The courts have allowed as informal proofs (a) writings never filed with the bankruptcy court[3]; (b) filings made by the trustee rather than the creditor[4]; and (c) substantial participation on the creditors' committee[5]. With very few exceptions, pleadings filed by creditors prior to the bar date with the bankruptcy court in adversary proceedings or contested matters have been allowed as informal proofs of claim. *See, e.g., Sun Basin Lumber Co., supra,* (an objection to the sale of property); *In re Guardian Mortgage Investors, supra,* (a complaint for relief from stay seeking the right to sue in state court).

Cases which have denied informal proof status to the creditor's pre-bar date participation have typically dealt either with ambiguous creditor participation or found some unfairness or inequity in allowing the creditor's claim: (a) *In re Nash, supra,* involved a motion for a Rule 2004 examination; (b) *In re South Atlantic Financial Corp., supra,* denied informal proof status to a notice of appearance filed by creditor's counsel; (c) in *In re International Horizons, Inc., supra,* the only informal proof alleged was the debtor's knowledge that the IRS claimed additional taxes; (d) in *In re Murchison,* 85 B.R. 37 (Bankr.N.D.Tex. 1987), the court refused to allow the creditor's participation on the creditors' committee and correspondence with debtor's counsel as an informal proof; and (e) in *In re Mitchell,* 82 B.R. 583 (Bankr.W.D.Okl. 1988), the court found that a secured creditor's motion for relief from stay evidenced only an intent to assert its claim against the security, not an intent to hold the debtor liable for the deficiency.

The importance of the underlying equitable considerations is illustrated by *Rite Autotronics, supra,* and *Murchison, su-*

*pra,* which reached opposite results on creditor committee participation. In *Rite Autotronics* the court found that the creditor had good reason for its failure to file its proof. In *Murchison,* on the other hand, the court found that the creditor inexcusably neglected its obligation to file. In *Stewart* the court found that allowing the creditor's claim might prejudice other creditors. In summary, this does not appear to be an issue on which language from cases dealing with different circumstances can with any assurance be enshrined as rules from which the result under other facts may be deduced. *See, In re Okoreeh-Baah,* 836 F.2d 1030 (6th Cir.1988).

At least eight bankruptcy courts have recently considered whether an objection to confirmation of a Chapter 13 plan was effective as an informal proof of claim. *In re Casterline,* 51 B.R. 219 (D.Colo.1985); *In re Ungar,* 70 B.R. 519 (Bankr.E.D.Pa. 1987); *Matter of Scott,* 67 B.R. 1011 (Bankr.M.D.Fla.1986); *In re Benedict,* 65 B.R. 95 (Bankr.N.D.N.Y.1986); *In re Stewart, supra; In re Thornlimb,* 37 B.R. 874 (Bankr.R.I.1984); *In re Sullivan,* 36 B.R. 771 (Bankr.E.D.N.Y.1984); *In re Sinykin,* 37 B.R. 688 (Bankr.Minn.1983). Seven of the eight cases held that it was; one case, *In re Stewart, supra,* held that it was not, and it is this case that the Debtor urges this Court to follow.

Apart from *Stewart,* only one case cited by the parties expressly ruled on whether an objection to a Chapter 13 plan must state the nature and amount of the creditor's claim to constitute an informal proof of claim. In *In re Ungar, supra,* the creditor's objection was premised on allegations that the plan was not filed in good faith, did not meet the best interests of creditors' test and did not distribute all of the debtor's disposable income. The court found

---

**3.** *See In re Franciscan Vineyards, Inc., supra,* (a letter from the county to the trustee enclosing two tax bills); *see also Fyne v. Atlas Supply Co. (In re W.H. Calder Co., Inc.),* 245 F.2d 107 (4th Cir.1957) (a letter from claimant's counsel to trustee's counsel and attendance at the first meeting of creditors); *In re Modular Engineering Corp.,* 41 B.R. 52 (Bankr.S.D.Tex.1984) (pleadings filed in an arbitration).

**4.** *See, e.g., In re Job–Site Industries, Inc.,* 78 B.R. 332 (Bankr.S.D.Fla.1987) (the trustee's motion to remove a lawsuit to the bankruptcy court in which the creditor's claim was asserted as a counterclaim).

**5.** *See, e.g., Dresser Industries, Inc. v. Rite Autotronics Corp. (In re Rite Autotronics Corp.),* 27 B.R. 599 (9th Cir.BAP 1982).

that the objection sufficiently evidenced the creditor's claim and its intent to hold the debtor liable, and held that the failure to state the amount of the claim was not critical in light of authorities which permitted amendments after the bar date to increase the amount of the claim.

But even if the nature and amount test required by *Nash* and *Stewart* were to be employed, unlike the pleading considered in those cases or for that matter *Ungar*, the Objection clearly sets forth the nature of the creditor's claim as a student loan. Paragraph 3 of the Objection states:

> The debt to Cleveland Metro General Hospital is a nondischargeable student loan, advanced by the U.S. Department of Health and Human Services with an initial repayment date of April 1, 1986.

The Objection may also be construed to meet the "amount" component of the test as well.

Even strict adherence to a requirement that an informal proof state the amount of the claim should permit incorporation by reference. Since paragraph 1 of the Hospital's Objection states that "[T]he Plan lists Cleveland Metro General Hospital as an unsecured creditor ...," the Objection comes close to incorporating the Debtor's schedules which were filed together with the plan. The Debtor's schedules stated the amount of the Hospital's claim.[6] But even if this reference were deemed inadequate to state the amount of the claim, this omission is not fatal under the present circumstances.

■ An inflexible requirement that an informal proof state the amount of the claim appears inappropriate. Claims are defined so broadly in the Bankruptcy Code that there may be circumstances where it would be either impossible or purely speculative to set forth the precise amount of the claim prior to the bar date. *See, e.g., In re White Motor Corp.*, 59 B.R. 286 (Bankr.N.D.Ohio 1986). Moreover, in the absence of prejudice to other interests, amendments after the bar date increasing the amount of a claim are freely allowed so long as the

creditor is not seeking to assert a new claim. *Fidelity and Deposit Co. of Maryland v. Fitzgerald (In re Midyett and May Construction Co.)*, 272 F.2d 121 (10th Cir. 1959), *cert. denied*, 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); *Continental Motors Corp. v. Morris*, 169 F.2d 315 (10th Cir.1948); *In re Ungar, supra; In re Midwest Teleproductions Co., Inc.*, 69 B.R. 675 (Bankr.N.D.Ohio 1987); *In re White Motor Corp., supra.* As noted in *Ungar*, a requirement that an informal proof of claim state the amount of the claim is inconsistent with such cases. 70 B.R. at 523. The Court is satisfied that the Objection constitutes a sufficient informal proof notwithstanding the omission of the amount of the Hospital's claim.

■ The Debtor also contends that the Objection did not manifest the Hospital's intent to assert its claim against the Debtor's estate. The Debtor relies on *Mitchell, supra*, to support its position. That case, however, involved a secured creditor who filed a motion for relief from stay to foreclose on its collateral. The court quite logically declined to infer from that filing alone an intent to hold the debtor or its estate liable for a deficiency if the security proved inadequate. The Hospital, however, is concededly an unsecured creditor. If it fails to participate in the Debtor's plan and that plan is consummated, it will be barred by the Debtor's discharge from any recovery on its claim. Therefore, as in *Lipman, supra*, it would be fanciful not to perceive in the Objection the Hospital's intention to hold Debtor liable as a debtor for its claim. Therefore, the Debtor's argument on intent fails.

■ The final question is whether allowing the Hospital to participate in the Debtor's plan will unfairly prejudice other interests. The Debtor does not assert, and there is nothing in the record to suggest, prejudice to the Debtor or its creditors by the allowance of the Hospital's claim. The Debtor listed the Hospital as a creditor in the amount of its claim. In its brief filed in

---

**6.** The Hospital's claim was listed in the schedules in the amount of $3,416.71. The Hospital's formal proof claimed $3,461.61. The difference appears to be a transposition.

opposition to the Objection, the Debtor conceded that payment of the Hospital's claim was provided for in the Debtor's plan. Thus any creditor and any other party interested in the case was made aware prior to the bar date of the Hospital's claim, its intent to assert that claim against the Debtor and of the fact that the Debtor's plan provided for that claim. At the hearing on this matter, the Chapter 13 Trustee advised that he had no objection to the allowance of the Hospital's claim.

In summary, it appears that the Objection constitutes a sufficient informal proof of claim unless the Court were to impose a rule that an informal proof must expressly state the amount of the claim. This the Court declines to do. The informal proof of claim doctrine has evolved as a compromise between the administrative needs of the bankruptcy process and the uniform trend of the civil law in the 20th century to avoid the sacrifice of substantive rights to unnecessary technical or formal constraints. A categorical requirement that an informal proof of claim state the amount of the claim, a requirement that exists neither in the Bankruptcy Code nor the Bankruptcy Rules, not only runs counter to this trend but would serve no useful purpose. Therefore the Hospital's motion to participate in the Debtor's Chapter 13 plan is granted.