In re LOFFLAND BROTHERS COMPANY, Loffland Brothers Eastern Hemisphere, Inc. and Loffland Brothers (Singapore), PTE LTD., Debtors.

Bankruptcy No. 385–30348–HCA–11.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

May 24, 1988.

Henry L. Gompf, Gregory M. Gordon, and David G. Heiman, Jones, Day, Reavis & Pogue, Dallas, Tex., for debtors.

Joyce W. Lindauer and James A. Pikl, Johnson, Bromberg & Leeds, Dallas, Tex., for Halliburton Co.

FINDINGS OF FACT AND MEMORANDUM OF LAW REGARDING HALLIBURTON COMPANY'S MOTION TO LIFT AUTOMATIC STAY

HAROLD C. ABRAMSON, Bankruptcy Judge.

On for consideration by this Court is Motion for Leave to Amend Informal Proof of Claim, filed by Halliburton Company ("Halliburton") in the above referenced case. After a review of the facts of the case, consideration of the briefs filed by

counsel, and a review of the applicable authorities, the Court is of the opinion that said Motion should be denied. The Court further finds as follows:

### Findings of Fact

1. Loffland Brothers Company filed a voluntary petition in bankruptcy on March 21, 1985.

2. On July 23, 1985, Halliburton filed its Motion to Modify Automatic Stay.

3. Halliburton never obtained a hearing on the Motion for Relief from Stay, and in fact took no action regarding the claims asserted in the Motion for over two years.

4. The bar date for filing claims in Loffland's bankruptcy case was September 25, 1985.

5. Both Halliburton and the Debtor are party defendants in a civil action presently pending in the 129th Judicial District Court of Harris County, Texas, styled *Paul A. Rogers and Marian Rogers v. Halliburton Company, et. al.*, Cause No. 85–14869. Said civil action is based on alleged personal injuries resulting from an accident on an oil drilling rig. This civil action was filed March 8, 1985.

6. Plaintiff in the Harris County civil suit, Mr. and Mrs. Rogers, have not filed a proof of claim in this bankruptcy proceeding, and therefore, any claim which they may have is time barred.

7. Halliburton's Motions for Relief from Stay seek permission to assert cross-claims against Debtor in the pending civil action. Said cross-claims are presently prevented by the operation of the automatic stay in 11 U.S.C. Section 362.

8. Halliburton alleges that any recovery from the Debtor based on the cross actions would be paid with proceeds of insurance, and not out of the bankruptcy estate. Therefore, Halliburton suggests that the stay should be lifted because the action would not prejudice creditors of the bankruptcy estate.

9. Debtor is essentially self-insured for the first one million dollars per occurrence. Therefore, any recovery made by Halliburton up to this amount would be paid out of the bankruptcy estate, and would effectively jeopardize the success of the Debtor's proposed Plan of Reorganization, and would prejudice the rights of other creditors.

10. On October 9, 1987, Halliburton filed a second Motion to Modify Automatic Stay. Said Motion essentially argued the same grounds for lifting stay as the earlier motion.

11. Halliburton was not scheduled as a creditor in the above-styled and numbered bankruptcy proceeding.

12. However, the Court finds that Halliburton had knowledge of the bankruptcy proceeding well in advance of the bar date. Halliburton filed a Motion to Lift Stay in the bankruptcy case well in advance of the bar date. Further, the Debtor filed a Notice of Bankruptcy and Automatic Stay in the Harris County civil suit on April 11, 1985. Halliburton cannot claim lack of knowledge of the bankruptcy case.

### Claims of the Parties

13. Halliburton claims that the originally filed Motion to Lift Stay constitutes an amendable informal proof of claim. It asserts this claim as part of their grounds for lifting stay. Without a claim, there would be no cause under 11 U.S.C. Section 362 to lift stay and allow the cross claims to be filed.

14. The Debtor claims that Halliburton is barred from any recovery in this case because of its failure to file a proof of claim with the Bankruptcy Court prior to the bar date. As such, Debtor maintains that any modification of the stay would be unjustified.

15. The Court finds for the Debtor.

### Discussion of the Law

In order to establish an amendable informal proof of claim, Halliburton must show:

1) The proof of claim must be in writing;

2) The writing must contain a demand by the creditor on the debtor's estate;

3) The writing must express an intent to hold the debtor liable for the debt;

4) The proof of claim must be filed with the Bankruptcy Court; and

5) Based on the facts in the case, it would be equitable to allow the amendment.

*In re McCoy Management Services, Inc.,* 44 B.R. 215, 217 (Bankr.W.D.Ky.1984).

■ Using this list, several of Halliburton's contentions may be summarily dealt with. First, Halliburton points to the Debtor's knowledge of the civil action as proof of the informal claim. Debtor's knowledge of the claim has never been held sufficient to constitute an informal proof of claim. *In re Stern,* 70 B.R. 472, 276 (Bankr.E.D. Penn.1987).

■ Halliburton directs this Court to its first filed Motion to Lift Stay as proof of its informal claim. The Motion meets several of the above requirements. The Motion was in writing, it was filed with the Bankruptcy Court, and it does, in this Court's judgment, express an intent to hold the Debtor liable for the debt. Further, Halliburton points to a case which appears to support their contention. *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374 (9th Cir.1985) (allowing an informal proof of claim based on a Motion for Relief together with other documents filed in the case). Even with all of this, the Court feels that this is not a case where the granting of an informal proof of claim is appropriate. To reach this result, this Court will explore the purposes of a proof of claim in a bankruptcy case, and examine the facts of Halliburton's participation in this case.

The purpose of establishing a bar date for claims is to encourage the prompt administration of the estate. *See e.g., In re Ungar,* 70 B.R. 519, 521 (Bankr.E.D.Penn. 1987). This prompt administration accrues to the benefit of the creditors, the debtor, and the court. *Id.* For these reasons, the courts have been reluctant to find exceptions to the requirements.

However, the bankruptcy courts are courts of equity and are bound to examine every claim to ensure that injustice is not done. *Leach v. Small Business Adminis-*

*tration, (In re Crown Cabinets, Inc.),* 488 F.2d 91, 92 (5th Cir.1973). For that reason, many courts have been willing to ignore the formal requirements of a claim. Therefore, in the interests of equity, amendment of an informal proof of claim is frequently allowed. *See, Anderson–Walker Industries, Inc. v. LaFayette Metals, Inc., (In re Anderson–Walkers Industries, Inc.)* 798 F.2d 1285, 1297 (9th Cir.1986).

However, the actions of Halliburton in this case do not cry out for the Court to reform them in equity. Despite Halliburton's knowledge of the bankruptcy, Halliburton never protected its rights by filing a claim. Indeed, Halliburton took virtually no action in the entire proceeding for nearly two years. Had Halliburton truly believed that it had a valid basis for an action against the Debtor, it is difficult to understand why Halliburton waited two years to assert its claims. In short, Halliburton " 'has offered no justification for its failure to act timely. While amendments are to be freely allowed where justice so requires, … unexplained negligence does not present an instance under which justice or fairness requires the allowance of an amendment.' " *In re International Horizons,* 751 F.2d 1213, 1216 (5th Cir.1985).

In summary, since Halliburton is an extremely sophisticated creditor with a great deal of bankruptcy experience, and because of Halliburton's unexplained and unexcused delay in presenting its case to this Court, the Court finds that the fifth requirement for finding an amendable informal proof of claim has not been met. That is, based on the facts in the case, it is not equitable to allow Halliburton to amend its alleged claim.

In conclusion, this Court would incorporate the words and reasoning of the Second Circuit:

This clear Congressional intent to require filing of valid proofs of claim within the time limits that it has set is sufficient to preclude us from finding exceptions to these rules in the supposed interest of equity….. [T]here must come a time when an arrangement becomes final, so

to speak. Not only are the creditors who vote for the plan entitled to this. The debtor itself must be able to function, and new creditors might not extend credit, absent such finality. It would be inequitable as to all three—old creditors, debtor, and new creditors—not to have a cut-off date beyond which even claims on a scheduled indebtedness may not be filed. Thus, however much we would like to permit the bankruptcy court to consider in a particular case, including this one, whether it would be "equitable" to permit late filing of a scheduled claim, to do so would put the bankruptcy courts in the unenviable position of indefinitely having to consider claims whenever some sort of excuse is asserted. Such a procedure would destroy the objective of finality which Congress obviously intended to promote.

*Hoos & Co. v. Dynamics Corporation of America,* 570 F.2d 433, 439 (2d Cir.1978).

Therefore, since Halliburton does not have a claim which it may assert in this bankruptcy proceeding, the Court finds that there is not "cause" for lifting the automatic stay. Therefore, Halliburton's Motions to Lift Stay are DENIED.