In re POWERLAB, INC., Debtor.

POWERLAB, INC., Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant.

Bankruptcy No. 392–34554–HCA–11. Adv. No. 395–3009.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

July 20, 1995.

R. Terry Bell, Caolo, Bell & Nunnally, L.L.P., Dallas, TX, for plaintiff.

Eileen T. McDonough, U.S. Dept. of Justice, Environmental Defense Section, Washington, DC, for defendant.

## MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came on for hearing the 19th day of July, 1995, the EPA's Motion to Dismiss for Lack of Jurisdiction as well as motions for summary judgment filed by both parties. Counsel for the Plaintiff and Defendant appeared

and argued the Motion to Dismiss. Because the Court has determined that the Motion to Dismiss should be granted, the Court need not rule on the motions for summary judgment. The following is the opinion of the Court.

## BACKGROUND

In 1992, Powerlab was placed under bankruptcy protection pursuant to Title 11 of the United States Code. Because Powerlab was aware of possible environmental claims against it, it listed the Environmental Protection Agency ("EPA") as a creditor in its bankruptcy schedules as a possible claimant in the amount of $0.00. As addresses for the EPA, Powerlab listed the Regional Offices of the EPA in regions V and VI, the regions in which Powerlab conducted its operations. Those offices were apparently notified of Powerlab's bankruptcy filing. The EPA, however, did not file a proof of claim in the Powerlab bankruptcy case, and on October 15, 1993, the Court confirmed Powerlab's Chapter 11 plan of reorganization.

During the following month, Powerlab received a letter from the EPA stating that Powerlab was a potentially responsible party for some environmental damage at a site in Alabama, located in the EPA's Region IV. Powerlab later commenced this adversary proceeding which requests a declaratory judgment that any debt it owed to the EPA had been discharged in bankruptcy pursuant to 11 U.S.C. § 1141. In response to Powerlab's Complaint, the EPA filed its Motion to Dismiss the adversary proceeding for lack of jurisdiction.

## DISCUSSION

The position of the EPA is that § 113(h) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") prohibits this Court from hearing the Complaint filed by Powerlab.[1] Section 113(h) limits judicial review of removal and remedial actions, except in limited circumstances, to situations in which the government has initiated a cost-recovery action. *See Voluntary Purchasing Groups, Inc. v. Reilly,* 889 F.2d 1380, 1388–89 (5th Cir.1989). The intent of Congress in establishing the § 113(h) jurisdictional limitations was to avoid a situation in which the EPA would be forced to defend numerous suits in numerous forums, which otherwise might be tried in one forum or never litigated at all. *See id.* at 1390. The present suit filed by Powerlab is one to determine whether Powerlab has received a discharge of any debt owed for environmental cleanup costs of the Alabama site. Such an action would necessarily be one to determine whether Powerlab may be liable for any part of the Alabama cleanup costs. A plain reading of § 113(h) shows that "[n]o Federal court shall have jurisdiction" to review any such challenges except in certain circumstances enumerated in § 113(h). *Cf. United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (court must apply the plain meaning of a statute).

Powerlab asserts that the letter it received from the EPA constitutes an infor-

---

1. Section 113(h) provides:

(h) Timing of review

No Federal court shall have jurisdiction under Federal law other than under section 1332 of Title 28 (relating to diversity of citizenship jurisdiction) or under State law which is applicable or relevant and appropriate under section 9621 of this title (relating to cleanup standards) to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title, in any action except one of the following:

(1) An action under section 9607 of this title to recover response costs or damages or for contribution.

(2) An action to enforce an order issued under section 9606(a) of this title or to recover a penalty for violation of such order.

(3) An action for reimbursement under section 9606(b)(2) of this title.

(4) An action under section 9659 of this title (relating to citizens suits) alleging that the removal or remedial action to be taken under section 9604 of this title or secured under section 9606 of this title was in violation of any requirement of this chapter. Such an action may not be brought with regard to a removal where a remedial action to is to be undertaken at the site.

(5) An action under section 9606 of this title in which the United States has moved to compel a remedial action.

42 U.S.C. § 9613(h).

mal proof of claim in the bankruptcy proceeding, which in turn constitutes an action against Powerlab, which, it contends, is an exception to the jurisdictional bar of § 113(h). Thankfully, the District Court for the Northern District of Texas has already examined the application of section 113(h) in the context of a proof of claim against a bankruptcy debtor. *See In re National Gypsum Co.,* 139 B.R. 397 (N.D.Tex.1992). In *Gypsum,* Judge Sanders found that once the EPA files a proof of claim in a bankruptcy case, the exceptions to the jurisdictional bar of § 113(h) are activated. *Id.* at 411. He reasoned that the filing of a proof of claim constituted a governmental action which fell under the exceptions to § 113(h), so that the bankruptcy court would have jurisdiction to determine liability. *Id.*

The facts in the present case, however, differ from *Gypsum* in one important respect. The EPA did not file a proof of claim in the Powerlab bankruptcy. Powerlab asserts, however, that the letter it received from the EPA (stating that Powerlab may be liable) is an informal proof of claim which, though filed late, would constitute an action by the EPA against Powerlab. This action, it is argued, provides the Court with jurisdiction to hear the matter. The Court, however, does not need to decide the legal issue of whether an informal proof of claim may constitute the requisite EPA "action" because the EPA's letter in this case does not qualify as an informal proof of claim.

 To establish an informal proof of claim, a party must show that a written demand was made by a creditor which expressed an intent to hold the debtor liable for the debt. *In re Loffland Brothers Co.,* 102 B.R. 79, 80–81 (Bankr.N.D.Tex.1988). The document purporting to be the informal proof of claim must be filed with the bankruptcy court. *Id.; see also, In re Trans World Airlines, Inc.,* 182 B.R. 102, 108 (D.Del.1995); *In re Rainbow Trust,* 179 B.R. 51, 54 (Bankr. D.Vt.1995). The EPA, in this case, sent its letter to Powerlab and did not file it with the Court. Therefore, the EPA did not file an informal proof of claim which might constitute an action against Powerlab and an exception to the jurisdictional bar of § 113(h).

### CONCLUSION

Because the EPA has not filed any action or proof of claim against Powerlab, § 113(h) of CERCLA provides that this Court does not have jurisdiction to hear this adversary proceeding regarding liability for environmental cleanup. An order consistent with this opinion shall be entered.