**In re JOB–SITE INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 86–00071–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

July 10, 1987.

See also, Bkrtcy., 78 B.R. 335.

William C. Stalions, Benson, Stalions & Moyle, Fort Lauderdale, Fla., for defendant, South Florida Gunite, Inc.

J. Michael Nifong, Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, for Official Creditors' Committee. and Special Counsel, Miami, Fla., for plaintiff/trustee.

James B. McCracken, Fort Lauderdale, Fla., trustee.

Arthur Neiwirth, Neiwirth & Neiwirth, Fort Lauderdale, Fla., for trustee.

**MEMORANDUM DECISION ON MOTION BY SOUTH FLORIDA GUNITE, INC. TO DECLARE COUNTERCLAIM A "PROOF OF CLAIM" TIMELY FILED**

A. JAY CRISTOL, Bankruptcy Judge.

This court has before it a motion by South Florida Gunite, Inc. to declare its counterclaim, filed prior to this bankruptcy in a State Court action and removed to the Bankruptcy Court upon application by the trustee, a timely-filed proof of claim. A hearing on this matter was held on April 13, 1987.

On January 10, 1986, Job-Site Industries, Inc. ("Debtor"), filed a voluntary petition under chapter 11 of the Bankruptcy Code

in the United States Bankruptcy Court for the Southern District of Florida. Movant, South Florida Gunite, Inc., was not included on the mailing matrix filed by the debtor, nor was it scheduled as a creditor in these proceedings despite the fact that it had a counterclaim pending against the debtor in State Court since January 1984. Movant, therefore, did not receive notice of the May 15, 1986 claims' bar date set by court order.

A trustee was subsequently appointed. The trustee was aware of the pending litigation, but took no action to notice the counterclaimant of the claims' bar date. On April 23, 1986, less than one month prior to the expiration of the time to file claims, the trustee filed an application to remove the litigation to the Bankruptcy Court. Although the application was filed more than thirty days after the trustee's appointment, it was granted. The entire action, including the counterclaim, was removed to the Bankruptcy Court on September 29, 1986 by court order and in accordance with the trustee's application.

On March 25, 1987, an order was signed denying, for lack of standing, the creditors' committee's motion to allow as timely claims filed after May 15, 1986 and for order setting bar date. In that order, the court stated that any similar motions filed by individual creditors would be entertained by the court and decided on a case-by-case basis. Thereafter, South Florida Gunite, Inc. filed its motion.

Movant requests that the court recognize its counterclaim to be its claim, filed as of September 29, 1986. Further, movant requests that its claim be recognized as timely because it was brought into these proceedings by court order and on the trustee's application. Counsel for the trustee argues that the motion is one to allow a late claim on this date, and it should not be allowed as excusable neglect has not been shown. Trustee's counsel also argues that allowing the claim now would prejudice the pending chapter 11 plan proposed by the trustee on behalf of two other creditors. The plan has since been confirmed on June 16, 1987. (C.P. No. 235).

■ Counterclaims have previously been held to constitute claims against the estate. The court in *Moorefield v. Perlman (In re Monex Corp.)*, 43 B.R. 879 (Bankr.S.D.Fla. 1984), held that the setoff alleged in an adversary proceeding would be considered a proof of claim even though no proof of claim was filed. In *Brodsky v. Schnepper (In re Gross)*, 48 B.R. 674 (Bankr.E.D.Pa. 1985), the court held that counterclaims filed in response to a trustee's adversary would be considered a proof of claim. Bankruptcy Rule 3001 requires that all claims substantially conform with Official Form 19, "Proof of Claim." The counterclaim as filed by South Florida Gunite is quite detailed and contains all the information necessitated by Official Form 19. Therefore, the counterclaim filed by South Florida Gunite substantially conforms with Official Form 19, as required by B.R. 3001.

The trustee cites *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir. 1981), in support of his position that South Florida Gunite's motion is essentially a motion to file a late claim and that excusable neglect has not been shown. While the Eleventh Circuit in *South Atlantic* found that the bankruptcy court did not abuse its discretion in refusing to allow a creditor to file a late proof of claim, the court also held that the focus should be on the movant's actions and the reasons for those actions, not on the effect that an extension might have on the parties' positions. In a separate part of the opinion, the court discusses informal proofs of claim and states guidelines to use when considering what constitutes an informal proof of claim. The court says that the document must apprise the court of the existence, nature, and amount of the claim and consider whether the bankruptcy court was fully informed as to the nature of the claim. *South Atlantic Financial Corp* at 819.

In *South Atlantic*, the appellant sought to file a late claim which was, from the beginning, listed on both the matrix and the schedules (although as "disputed"). Claimant did receive notice of the claims' bar date along with all the other listed creditors. That is not the situation in this

case. It is undisputed between the parties that South Florida Gunite was not listed either on the matrix or in the schedules. South Florida Gunite, therefore, did not receive notice of the claims' bar date. It has not even been suggested that movant had actual knowledge of the bankruptcy proceeding prior to the time the application for removal was filed.

It is apparent that movant considers its claim filed as of September 29, 1986 and timely filed as a result of the trustee's application for removal filed prior to the claims' bar date. This assertion has merit. The trustee argues that the movant did not previously file a proof of claim because to do so would have constituted consent to jurisdiction by this court which the movant opposed. The trustee argues that South Florida Gunite should not now be allowed to have their counterclaim considered a proof of claim when they contested jurisdiction by the Bankruptcy Court. The court does not agree with the trustee's argument. South Florida Gunite had a right to contest the jurisdiction of the bankruptcy court to hear the State Court proceeding against them. Jurisdiction is a separate issue from the question of whether South Florida Gunite should be considered a creditor in this bankruptcy proceeding.

Since the court was aware of the counterclaim by virtue of the trustee's application to remove the State Court action to this court on April 23, 1986 and since the counterclaim includes all the information contained in Official Form 19 "Proof of Claim" and, thereby, substantially conforms with Official Form 19 as required by B.R. 3001, the counterclaim will be considered to be a timely filed informal proof of claim.

It is well accepted that the Bankruptcy Court is guided by the principles of equity, and that the Bankruptcy Court will act to assure "... that substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *U.S. v. International Horizons, Inc. (In re International Horizons, Inc.),* 751 F.2d 1213, 1216 (11th Cir.1985)

*citing, Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939).

It has been held that a trustee is an officer of the court, provided by the Code—with fiduciary duties regardless of whether the case is a chapter 7, 13 or 11, *In re Nigg,* 63 B.R. 630, 632 (Bankr.D.S.D.1986). The reorganization trustee is a fiduciary who has an obligation to treat all parties in a reorganization case fairly. *Sherr v. Winkler,* 552 F.2d 1367, 1374 (10th Cir. 1977), *citing, Wolf v. Weinstein,* 372 U.S. 633, 83 S.Ct. 969, 10 L.Ed.2d 33 (1963).

In this case, the trustee had knowledge of the pending counterclaim and the debtor's failure to list or schedule South Florida Gunite as even an unliquidated or disputed creditor. The trustee had a fiduciary duty to provide this creditor with notice of the impending claims' bar date. To allow the trustee with full knowledge of the lack of notice, to "lie in wait" for a time close to the bar date before deciding to pursue a state court action containing a counterclaim, and then to allow the trustee to successfully allege that the creditor's claim cannot be allowed because the bar date has passed, would be to create a windfall for the trustee, the debtor and the remaining creditors, to which they are not entitled.

Accordingly, it is ORDERED:

The counterclaim filed by South Florida Gunite, Inc. in State Court and removed to the United States Bankruptcy Court upon the trustee's application, is permitted to be recognized as a timely filed proof of claim.