**In re Vergil Jeremy SMITH, Debtor.**

**Bankruptcy No. 99–45814–RRG.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

March 27, 2000.

Thomas J. Budzynski, P.C., Clinton Twp., MI, for debtor.

Timothy J. Miller, Detroit, MI, for trustee.

## OPINION APPROVING ENTRY OF ORDER SUSTAINING IN PART TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS

RAY REYNOLDS GRAVES,
Bankruptcy Judge.

After a hearing on the Trustee's objections to Debtor's exemptions, the Trustee submitted to the Court for entry a proposed order ("order") sustaining in part his objections, and permitting him to administer property owned by Debtor and Debtor's spouse as tenants by the entireties to satisfy their joint debt of approximately $3,400 to Bank of America. Debtor objected to entry of the order on the basis that the amount owed to Bank of America in the order is overstated. After considering Debtor's objection and the arguments raised at a hearing on the matter, and reviewing the briefs subsequently filed and the entire record, the Court concludes that entry of the order should be approved.

### I. *Facts*

Debtor filed a Chapter 7 petition and schedules on April 8, 1999 and subsequently amended Schedules B and C.[1] In both the original and amended Schedule C, Debtor sought to exempt real property owned with his spouse as tenants by the entireties from the bankruptcy estate by electing the Michigan exemption scheme pursuant to 11 U.S.C. § 522(b)(2)(A).[2] In Schedule F of his petition, Debtor listed Bank of America and Comerica Bank as

---

1. Although the amendments and the facts and circumstances giving rise to them are relevant to other objections the Trustee filed to Debtor's exemptions, for the most part, they are not pertinent to the matter now before the Court. Therefore, they will be discussed only to the extent necessary to render a decision.

2. Except where otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

creditors holding unsecured nonpriority claims in unknown amounts but failed to indicate that his spouse was jointly liable with him on these debts.[3] However, during his examination pursuant to Fed. R.Bankr.P.2004, Debtor apparently admitted that he was jointly responsible with his wife for a $3,400 obligation to Bank of America. In addition, a Consent Order Extending Time to File Objections To Claim of Exemption Pursuant to Bankruptcy Rule 4003(b) was entered on June 1, 1999 in which Debtor and Comerica Bank recognized that Debtor and his non-filing spouse were "jointly and severally indebted to [Comerica Bank]." On July 8, 1999, Comerica Bank filed objections to Debtor's exemptions due to the joint and several liability of the Debtor and his non-filing spouse on the debt owed to it. Based on the existence of joint debt, the Trustee timely objected to Debtor's entireties exemptions in both the original and amended Schedule C to the extent of this debt, respectively on June 3, 1999 and on July 27, 1999.[4] In a memorandum in support of his objections filed later on September 30, 1999, the Trustee specifically identified the joint debt to Comerica Bank and Bank of America as the justification for the Court allowing him to administer the entireties property. At a hearing on the Trustee's objections to Debtor's exemptions, the Court sustained the Trustee's objection to the entireties exemptions based on the Bank of America debt and ruled that the Trustee could administer the entireties property to satisfy this debt.

Consistent with the Court's ruling at the hearing, the Trustee submitted a proposed order to the Court for entry. Debtor filed an objection to entry of the order solely on the ground that the "approximate" amount stated in the order as owed to Bank of America was excessive. However, at a hearing on entry of the order, Debtor objected to entry of the order, *for the first time* on the ground that no joint creditor had filed a proof of claim. The Court took the matter under advisement and ordered the parties to brief the issue of whether the joint creditors' failure to timely file proofs of claims precluded the Trustee from administering the entireties property to satisfy the joint debt to Bank of America. Debtor argues that the Court cannot authorize the Trustee to administer the entireties property for the benefit of joint creditors because to date, no joint creditor has filed a proof of claim and the Court is without authority to extend the claim deadline. Thus, any claim thereafter filed would be untimely and must be disallowed. The Trustee argues that the failure of the joint creditors to file proofs of claims does not prevent the Court from ordering the Trustee to administer the entireties property to satisfy the Bank of America debt.

## II. *Discussion*

### A. *The Trustee's Right to Administer the Entireties Property*

 It is well settled that upon the filing of a bankruptcy petition, property held by a debtor with his non-filing spouse as tenants by the entirety becomes part of the bankruptcy estate under § 541(a).[5]

---

**3.** Although the Comerica Bank debt is not at issue in this opinion, it is relevant to the analysis.

**4.** In addition to objecting to Debtor's exemption of property held as tenants by the entireties based on joint indebtedness, the Trustee also objected to the entireties exemption to the extent Debtor created or enhanced the value of this property after he became insolvent. The Trustee also objected to Debtor's personal property exemption, his exemption for a bank account in his name and that of another non-related person, and his exemp-

tion of the cash value of various life insurance policies. The Court determined that an evidentiary hearing on these objections was necessary and therefore, the issues raised by these objections will not be addressed in this opinion.

**5.** Section 541(a) provides in pertinent part:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

See *Liberty State Bank & Trust v. Grosslight (In re Grosslight)*, 757 F.2d 773, 775 (6th Cir.1985); *Michigan National Bank v. Chrystler (In re Trickett)*, 14 B.R. 85, 88–89 (Bankr.W.D.Mich.1981). However, a debtor may be able to exempt such property under § 522. Section 522(b) provides in relevant part: "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection." 11 U.S.C. § 522(b). Paragraph (2) of § 522, in turn, allows a debtor to exempt

(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, **an interest as a tenant by the entirety** or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(A)–(B) (emphasis added). Debtor elected to exempt his entireties property to the extent permitted under Michigan law pursuant to § 522(b)(2)(B). Under Michigan law, the entireties property is wholly exempt from the reach creditors holding claims solely against Debtor. However, with the exception of a $3,500 homestead exemption, such property is *not* exempt from claims of joint creditors of Debtor and his nonfiling spouse that existed at the time the petition was filed. See *Grosslight*, 757 F.2d at 776; *Trickett*, 14 B.R. at 88–89; *In re Oberlies*, 94 B.R. 916, 919 (E.D.Mich.1988). Therefore, because the joint debts to Bank of America and Comerica Bank existed on the petition date, as is reflected in Debtor's schedules, his later admissions, and the documents filed by the Trustee and Comerica Bank, the Trustee is entitled to *administer* the entireties property to satisfy this debt to these two creditors. Contrary to Debtor's assertion, this right is not dependent on the joint creditors having filed proofs of claims. Rather, whether the joint creditors have filed proofs of claims is relevant only to the Trustee's *power to make distributions out of the estate* which is separate and distinct from his *right to administer the estate*. The right to administer the entireties property is dependent on the existence of joint debt at the commencement of the case, while the power to make distributions from that property to a joint creditor requires that creditor to have an allowed claim.

### B. *The Trustee's Power to Make Distributions Out of the Entireties Property*

As a general rule under the Bankruptcy Code, a prerequisite to an unsecured creditor's right to share in the distribution of assets of a chapter 7 bankruptcy estate, is that the creditor file a proof of claim and that the claim be allowed. See 11 U.S.C. § 726; Fed. R.Bankr.P. 3002(a); *In re Bargdill*, 238 B.R. 711, 716 (Bankr.N.D.Ohio 1999); *In re Dow Corning Corp.*, 211 B.R. 545, 560 (Bankr.E.D.Mich.1997). Chapter 5 governs the filing and allowance of proofs of claims. Section 501 gives creditors the

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

right to file a proof of claim, and, by incorporating Fed.R.Bank.P. 3002(c), establishes a timeliness requirement. *See IRS v. Chavis (In re Chavis),* 47 F.3d 818, 823 (6th Cir.1995). Rule 3002(c) provides that unless one of five enumerated exceptions apply, to be timely filed, a proof of claim in a chapter 7 case must be "filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." Under § 502, a proof of claim that is filed under § 501 is deemed allowed if no party in interest objects to it. However, if a party in interest in a chapter 7 case files an objection to a proof of claim and such claim is untimely, under § 502(b)(9) the Court may allow it only to the extent permitted under § 726. Section 502(b)(9) provides:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (9) proof of such claim is not timely filed, **except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title** or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

11 U.S.C. § 502(b)(9) (emphasis added). Section 726(a), in turn, expressly authorizes the Court to allow and pay tardily filed claims. *Bargdill,* 238 B.R. at 715; *Chavis,* 47 F.3d at 824. Specifically, it provides in relevant part:

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed—

> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section;
>
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
>
>> (A) timely filed under section 501(a) of this title;
>>
>> (B) timely filed under section 501(b) or 501(c) of this title; or
>>
>> (C) tardily filed under section 501(a) of this title, if—
>>
>>> (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
>>>
>>> (ii) proof of such claim is filed in time to permit payment of such claim;
>
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection[.]

11 U.S.C. § 726(a)(1)–(3). To the extent, if any, this Code provision conflicts with Fed.R.Bankr.P. 3002(c), the Code controls. *Chavis,* 47 F.3d at 822; *Bargdill,* 238 B.R. at 720.

■ Here, because the first meeting of the creditors was set for May 7, 1999 and none of the enumerated exceptions to the ninety day time limit set by Fed.R.Bankr.P. 3002(c) apply, for their proofs of claims to be timely, the joint creditors would have had to file them by August 6, 1999. However, to date, neither Bank of America, Comerica Bank, nor the Trustee on their behalf [6] have filed formal proofs of

---

**6.** Section 501(c) provides that "[i]f a creditor

does not timely file a proof of such creditor's

claim necessary to trigger the claims allowance process. Fed.R.Bankr.P. 3001(a) defines a proof of claim as "a written statement setting forth a creditor's claim ... [that] conform[s] substantially to the appropriate Official Form." In *In re Dietz*, 136 B.R. 459, 462 (Bkrtcy E.D.Mich.1992), the court reasoned that because, according to Official Form 10, "[a] properly filed proof of claim is denominated as such and includes the following: 1. Name and address of creditor; 2. Basis for claim; 3. Date that the debt was incurred; 4. Classification of claim; 5. Amount of claim; and 6. Copies of any documents supporting the claim," for a written claim to meet Rule 3001(a)'s "substantial conformity" requirement, it must contain essentially the same information. *Id.* Clearly, there were no documents filed by Bank of America, Comerica Bank, or the Trustee prior to the claims bar date that included the substantial equivalent of this information and could therefore, serve as proofs of claims under Fed.R.Bankr.P. 3001(a).[7] However, the fact that there are no proofs of claims

---

claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c). Fed.R.Bankr.P. 3004 allows a chapter 7 trustee to file a claim on behalf of a creditor if such creditor fails to timely do so "within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c)."

7. The documents Comerica Bank filed containing information about the joint debt owed to it by Debtor and his nonfiling spouse and those the Trustee filed espousing joint debts owed to Comerica Bank and Bank of America do however, raise the informal proof of claim issue. The *Dietz* court explained that "a document which falls short of F.R.Bankr.P. 3001(a)'s definition of a proof of claim may nonetheless constitute an informal proof of claim." It explained further that "the concept of an informal proof of claim has been consistently endorsed and applied by the courts since at least 1903, and there is nothing in the Code or the Bankruptcy Rules which explicitly rejects it." *Id.* at 463. Similarly, the *Bargdill* court recognized that the "informal proof of claim doctrine is a well established judicial principle dating back to the time of the Bankruptcy Act." *Bargdill*, 238 B.R. at 717. The *Bargdill* court explained that

> [t]he purpose of the doctrine is to alleviate the problems of form over substance by averting the potentially devastating effects the failure to formally comply with the Bankruptcy Rules may cause, when practically speaking a creditor's pleading(s) put all parties in interest on sufficient and timely notice that a claim was being asserted.

*Id.* The informal proof of claim doctrine does not relieve a creditor of the obligation to file a proof of claim that complies with the requirements of Rule 3001(a) in order to participate in a distribution of the bankruptcy estate. It simply allows the creditor to amend an informal proof of claim that was filed within the time limits established by Rule 3002(c), so that it is in conformity with Rule 3001(a),

thereby making the amended formal claim timely. *Dietz*, 136 B.R. at 463 & n. 5. To determine whether a document should be considered an informal proof of claim for the purpose of allowing a creditor to later amend it, many courts, including the *Dietz* and *Bargdill* courts, employ the five-part test used in *In re McCoy Management Services, Inc.*, 44 B.R. 215, 217 (Bankr.W.D.Ky.1984), which has the following elements:

> 1). the proof of claim must be in writing;
> 2). the writing must contain a demand by the creditor on the debtor's bankruptcy estate;
> 3). the writing must express an intent to hold the debtor liable for the debt.
> 4). the proof of claim must be filed with the Bankruptcy Court; and
> 5). based on the facts of the case, it would be equitable to allow the amendment.

*McCoy*, 44 B.R. at 217. The *McCoy* court stated that the test was intended to provide "broad general guidelines" and should be liberally construed consistent with the broad meaning given to "claims" under the Code. *Id.* at 218. The *Dietz* court, in discussing the five-part test as interpreted in *McCoy*, explained that the test did not require each of its factors be satisfied to find an informal proof of claim, and that *McCoy* "appear[ed] to have viewed the test as more in the nature of a 'safe harbor,' rather than a recitation of indispensable requirements for an informal proof of claim." 136 B.R. at 464 n. 6 (citations omitted). The *Dietz* court further explained that "the second and third elements [of the test] should be stated in the alternative," because "a document which 'contain[s] a demand by the creditor on the debtor's estate' implies 'an intent to hold the debtor liable for the debt' (and vice versa)." *Id.* at 464. The *Dietz* court thus reformulated the *McCoy* test as follows: "A written document filed with the bankruptcy court which con-

filed for these creditors is not fatal to their ability to secure payment out of the proceeds of entireties property because § 726 provides for the allowance and payment of late file claims. Bank of America or Comerica Bank need only file an untimely proof of claim substantiating the validity of the joint debt owed to be eligible for a distribution. Under § 726(a)(3), because Bank of America had notice of the bankruptcy, if

and when it files a claim, such claim will be entitled to a third priority distribution. This status should not have any impact on Bank of America's ultimate recovery because there are sufficient proceeds from sale of the entireties property to fully pay the claims of both joint creditors, irrespective of their distribution priority, should they choose to assert them.

tains a demand on the estate or otherwise expresses an intent to hold the debtor liable for an alleged debt will serve as an informal proof of claim." *Id.*

Arguably, under this criteria, the Consent Order Extending Time to File Objections To Claim of Exemption Pursuant to Bankruptcy Rule 4003(b) or the objection to Debtor's claim of exemption filed by Comerica Bank prior to the claims bar date could constitute an informal proof of claim as to Comerica Bank. Both documents recite that Debtor and his nonfiling spouse are jointly liable on a debt to the bank and evidence Comerica Bank's intent to receive payment on its claim either directly from Debtor or from the equity in the entireties property. These documents thereby constitute implicit demands for a payment from Debtor's bankruptcy estate. Moreover, because the Debtor scheduled this debt, Comerica Bank has taken actions to protect its right to pursue its claim and has filed documents before the claims bar date thus apprizing all parties in interest that it is asserting a claim, and no other creditors will be prejudiced by payment of the Comerica Bank claim, equity favors treating these documents as informal proofs of claims. These documents therefore, satisfy all the elements of the *McCoy* test.

Although more problematic, the Trustee's objections to Debtor's claimed exemptions in the entireties property also raise the informal proof of claim issue. The court in *In re Joiner*, 93 B.R. 130, 133 (Bankr.N.D.Ohio 1988), citing *In re Job–Site Industries, Inc.*, 78 B.R. 332 (Bankr.S.D.Fla.1987), recognized that "courts have allowed as informal proofs [of claims] ... filings made by the trustee rather than the creditor."

In *Job–Site*, the court allowed a counterclaim in a state court action that was filed against the chapter 11 debtor prior to the bankruptcy and removed to the bankruptcy court on application of the chapter 11 trustee prior to the claims bar date, to serve as a timely filed informal proof of claim. *Id.* at 334. The creditor corporation that had filed the counterclaim in state court had not received notice of the claims bar date in the bankruptcy case and had therefore, not filed a

proof of claim. *Id.* at 333. The *Job–Site* court found that the counterclaim, although before the bankruptcy court as a result of the application filed by the Trustee and not due to any action by the creditor, had made the court aware of the creditor's claim and substantially conformed to the official proof of claim form as required by Rule 3001 and thus, should be considered a valid proof of claim.

Similarly, the Trustee in this case filed documents prior to the claims bar date on behalf of joint creditors who failed to file formal proofs of claims. In the Trustee's objections to Debtor's claimed exemptions and his amended exemptions, the Trustee requested the authority to administer the entireties property for the benefit of joint creditors making it clear that he intended to hold Debtor liable for the joint debt. However, the Trustee's objections fall far short of the "substantial conformity" requirement of Fed. R.Bankr.P. 3001(a) to constitute a proof of claim as well as the *McCoy* requirements to constitute an informal proof of claim. The primary deficiency is that they do not in any way identify the joint creditors. The Trustee's memorandum in support of his objections, does identify the joint creditors and the amounts owed to them, but that document was filed after the deadline for filing proofs of claim had passed and it is questionable whether this memorandum could relate back to objections it supported.

However, the Court need not decide the informal proof of claim issue because, under the facts of the case, as explained above, whether Bank of America or Comerica Bank filed a timely proof of claim will not impact the ultimate recovery of either creditor. Therefore, the Court declines to do so. However, even if the filed documents contained insufficient information to have them serve as a proofs of claims, they certainly included sufficient information for the Court to find that joint debt existed at the filing of the bankruptcy petition, to sustain the Trustee's objections to Debtor's exemptions, and to permit the Trustee to administer the entireties property.

### III. *Conclusion*

For the above stated reasons, the relief granted in the order is appropriate and the Court approves the entry of the order sustaining in part the Trustee's objections, and permitting him to administer the entireties property to satisfy approximately $3,400 in joint debt to Bank of America.